ORDER ON GARNISHEES’ MOTION FOR CLARIFICATION
The garnishees, who were appellees in the prior appeal in this case which resulted in an affirmance by this court, have been unsuccessful in obtaining an order from the trial court awarding fees to the garnishees in connection with the appeal despite the order of this court granting entitlement.
The prior appeal was taken by the plaintiffs, the judgment creditors, after the garnishees obtained an order granting their motion to dismiss and dissolving the writ of garnishment. The garnishees filed with this court a motion for attorney’s fees pursuant to section. 77.28, Florida Statutes (1989). Upon affirmance, this court entered an order granting entitlement “depending on the final judgment,” citing the statute.
Having successfully defended the appeal, the garnishees requested that the trial court enter an award of attorney’s fees to them in connection with the appeal, taking the position that the order granting the garnishees’ motion to dismiss and dissolving the writ of garnishment was in effect a final judgment and, therefore, the trial court should award appellate attorney’s fees to the garnishees in accordance with this court’s order.
The trial court did not agree, so the garnishees requested the trial court to enter a final judgment and award fees. On February 12, 1990, the trial court entered an order reciting that the writ of garnishment had been dissolved “for a technicality” and, therefore, the cause could not be decided on the merits and, technically, no final judgment could be entered until such time as an adjudication has been made on the merits of the writ of garnishment. Accordingly, the trial court denied the motion for entry of final judgment and stated that the accompanying request for attorney’s fees could not be granted.
*3 On March 13, 1990, the garnishees filed with this court a motion for clarification in which they recited all of the foregoing matters and requested relief from the denial of their request for an award of appellate attorney’s fees in the trial court. We treat the motion for clarification as a motion for review of a trial court order pertaining to appellate attorney’s fees, pursuant to Rule of Appellate Procedure 9.400(c). The motion has been timely filed with this court, within thirty days of rendition of the trial court’s order. We quash the order of the trial court dated February 12, 1990, refusing to grant appellate attorney’s fees to the garnishees; clarify this court’s order granting entitlement to such fees; and remand for assessment of fees in favor of the garnishees and against the plaintiffs.
The language in this court’s order making the grant of entitlement to attorney’s fees dependent upon the final judgment was simply an inappropriate reference to the literal language of section 77.28. That section recites that on rendering final judgment, the trial court is to determine the garnishees’ costs and expenses, including a reasonable attorney’s fee. We agree with the garnishees in this matter that the order previously appealed, granting the garnishees’ motion to dismiss and dissolving the writ of garnishment, was tantamount to a final judgment. Obviously, it was a final decision appealable as a final judgment. Accordingly, we strike from our order the words “depending on the final judgment.” We do so because we hold that the order dissolving the writ of garnishment was a final judgment within the meaning of section 77.28.
This cause is remanded to the trial court for the entry of an order awarding attorney’s fees to the garnishees in connection with the prior appeal to this court, in accordance with our order as herein amended.