684 So.2d 243 (1996)
Antonio ST. SURIN, Appellant,
v.
Marie C. ST. SURIN, Appellee.
Case No. 96-00038.
District Court of Appeal of Florida, Second District.
December 4, 1996.
*244 James H. Harris, Tampa, for Appellant.
James R. Nieset, St. Petersburg, for Appellee.
PATTERSON, Acting Chief Judge.
Antonio St. Surin (the husband) appeals from an order denying his motion for relief from default final judgment in this dissolution of marriage action. We reverse and remand for an evidentiary hearing.
Marie St. Surin (the wife) filed a petition for dissolution of marriage on February 1, 1995. The husband did not respond, and the clerk entered a default on April 11, 1995. The husband received a notice of hearing, but he did not file a financial affidavit or appear at the final hearing. The trial court entered a final judgment on June 30, 1995, dissolving the marriage and a supplemental final judgment on August 28, 1995, ordering child support, alimony, and equitable distribution.
On October 4, 1995, the husband obtained counsel, and on November 1, 1995, counsel filed a motion for relief from default judgment pursuant to Florida Rule of Civil Procedure 1.540(b). The motion and the husband's affidavit alleged (1) excusable neglect because the husband did not understand the notice of hearing was for the final hearing, and (2) fraud or misrepresentation by the wife regarding the parties' finances. The trial court denied the husband's motion for relief from judgment without an evidentiary hearing.
We first note that the trial court correctly denied the motion based on the husband's claim of excusable neglect under Florida Rule of Civil Procedure 1.540(b)(1). The failure to understand the legal consequences of the proceedings does not constitute excusable neglect. See Goldome v. Davis, 567 So.2d 909 (Fla. 2d DCA 1990).
As to the allegations of fraud and misrepresentation, the husband filed his motion under rule 1.540(b)(3) within one year of the supplemental final judgment, as the rule requires. If a party pleads fraud or misrepresentation with particularity and how it affected the judgment, the party is entitled to an evidentiary hearing on the motion. See Flemenbaum v. Flemenbaum, 636 So.2d 579 (Fla. 4th DCA 1994); Kidder v. Hess, 481 So.2d 984 (Fla. 5th DCA 1986). Here, the husband alleged that the wife misrepresented *245 the proceeds she received from the sale of the marital residence and the value of the husband's business. He also alleged with specificity how the misrepresentations affected the supplemental final judgment in the areas of alimony, child support, and equitable distribution.
Based on these allegations, the husband was entitled to an evidentiary hearing on his motion for relief from final default judgment. Thus, we reverse the trial court's order and remand for an evidentiary hearing.
Reversed and remanded.
WHATLEY, J., and PADGETT, J. ROGERS, Associate Judge, concur.