920 So.2d 1276 (2006)
The CADLE COMPANY, as Assignee of First Union National Bank of Florida, from the FDIC, as receiver for Southeast Bank, N.A., Appellant,
v.
PEGASUS RANCH, INC., William R. Ponsoldt and Mariane L. Ponsoldt, Appellees.
No. 4D05-1636.
District Court of Appeal of Florida, Fourth District.
March 1, 2006.
*1277 Keith A. Graham of Marchena & Graham, P.A., Orlando, for appellant.
Louis E. Lozeau, Jr., of Wright, Ponsoldt & Lozeau, L.L.P., Stuart, for appellees.
MAY, J.
A creditor appeals an order dissolving seven writs of garnishment. It argues the court erred in finding its replies were insufficient to comply with the requirements of section 77.041(3), Florida Statutes (2004). We agree and reverse.
In an attempt to execute on a judgment against Ponsoldt and his wife, the creditor Cadle obtained post-judgment writs of garnishment and served them on seven garnishees. Ponsoldt timely answered the writs using the form statutorily authorized in section 77.041(1), (2), Florida Statutes (2004). He claimed the assets in the possession of the garnishees were exempt, pursuant to chapter 222, Florida Statutes (2004). Specifically, as to assets possessed by four of the garnishees, Ponsoldt claimed an exemption for wages owed to him as "head of family," pursuant to section 222.11, Florida Statutes (2004). As to assets possessed by three other garnishees, Ponsoldt claimed the exemption for life insurance or annuities, pursuant to sections 222.13 and 222.14, Florida Statutes (2004).
Cadle timely replied to Ponsoldt's claims of exemption by filing sworn, notarized documents, pursuant to sections 77.041(3) and 222.12, Florida Statutes (2004). The first reply denied the facts alleged in the claims of exemptions for the first four garnishees. Cadle's reply to Ponsoldt's claim of exemption as to the writs against the remaining three garnishees consisted of a separate document for each garnishee, denying the claim of exemption.
Ponsoldt moved to strike Cadle's replies. At the hearing, Ponsoldt argued that Cadle's replies were defective on their face because they failed to comply with section 77.041(3) because he had relied on section 77.041(1) to make his claims of exemption. Specifically, Ponsoldt maintained Cadle's responses merely denied his claims instead of "contesting" them and therefore did not technically comply with section 77.041(3). The trial court granted Ponsoldt's motion and dissolved the writs of garnishment against the seven garnishees.
We review orders construing statutes, such as those controlling garnishment and claims of exemption, de novo. See State v. Burris, 875 So.2d 408, 410 (Fla.2004) (citing State v. Glatzmayer, 789 So.2d 297, 301-02 n. 7 (Fla.2001)).
Cadle argues the trial court erred when it found Cadle's sworn documents facially deficient, thereby denying Cadle of an evidentiary hearing where Ponsoldt would have had the burden of proving his entitlement to the exemptions. Cadle maintains that its replies satisfied the plain meaning of "contest" and "denial of facts" under both chapters 77 and 222, Florida Statutes (2004). Ponsoldt continues to maintain that Cadle's replies were insufficient.
A simple reading of the two statutes reveals how chapters 77 and 222 interrelate. We read them in pari materia, relying *1278 on the more specific statute to control the more general one. Ortiz v. Dep't of Health, 882 So.2d 402, 405 (Fla. 4th DCA 2004) (citations omitted).
Chapter 77 sets forth general procedures for garnishment. Chapter 222, on the other hand, exempts certain assets and sources of income from garnishment. See Miami Herald Publ'g Co. v. Payne, 358 So.2d 541, 542 (Fla.1978). Section 222.11 establishes the "head of family" exemption. § 222.11(1)(c), (2)(a) & (b), (3), Fla. Stat. (2004). Exemptions for life insurance proceeds and annuity contracts are provided by sections 222.13 and 222.14.
In addition to authorizing the exemptions, chapter 222 provides a process for claiming the "head of family" wage exemption without reference to chapter 77. See § 222.12. But, chapter 222 does not provide a similar process for insurance and annuity exemptions.[1]
In formulating its exemption laws the State has an interest in preventing "owners of exempt property and their families" from being "reduced to absolute destitution, thus becoming a charge upon the public." Slatcoff v. Dezen, 76 So.2d 792, 794 (Fla.1954) (en banc). To protect that interest, the legislature enacted section 77.041, streamlining procedures for garnishment proceedings. 13 Fla. Jur.2d, Creditors' Rights & Remedies § 4 (Supp. 2003).
Section 77.041 provides that when a writ of garnishment is issued, the clerk shall attach a notice, and a "Claim of Exemption and Request for Hearing" form. § 77.041(1). The form consists of a tick list of eleven authorized exemptions, a fill-in-the-blank for other authorized exemptions, and blanks for the debtor to provide his contact details. The first tick item is "head of family wages" and the ninth option is "life insurance benefits or cash surrender value of a life insurance policy or proceeds of annuity contract." See § 77.041(1). Ponsoldt used this form to claim each of his exemptions.
The legislature obviously designed the form to satisfy the affidavit requirements set out in section 222.12, pertaining to "head of family" wages specifically, as well as providing guidance on how to claim the other authorized exemptions. Nothing in section 77.041, however, prevents a defendant from drafting an original document to claim an exemption.
Pursuant to section 222.12, once a defendant serves an answer to the writ of garnishment claiming exemptions,
if the facts set forth in such affidavit are not denied under oath within 2 business days after the service of said notice, the process shall be returned, and all proceedings under the same shall cease. If the facts stated in the affidavit are denied by the party who sued out the process within the time above set forth and under oath, then the matter shall be tried by the court from which the writ or process issued....
§ 222.12 In contrast, section 77.041 provides:
[i]f the plaintiff does not file a sworn written statement that contests the defendant's claim of exemption within 2 business days after hand delivering the claim and request or, alternatively, 7 business days, if the claim and request were served by mail, no hearing is required and the clerk must automatically *1279 dissolve the writ and notify the parties of the dissolution by mail.
§ 77.041(3).
Upon service of Ponsoldt's claims of exemption, Cadle timely served sworn documents denying Ponsoldt's entitlement. The trial court erred when it narrowly focused on the word "contest" in section 77.041. By doing so, it failed to appreciate that section 77.041 supplements, rather than replaces section 222.12. Cadle's replies were sufficient to "contest" Ponsoldt's claims of exemption. Thus, the trial court erred when it dissolved Cadle's writs of garnishment without holding an evidentiary hearing as to the validity of Ponsoldt's claims of exemption.
Reversed and remanded.
POLEN, J., and ROTHSCHILD, RONALD J., Associate Judge, concur.
NOTES
[1] Prior to 2000 and the enactment of section 77.041, chapter 77 did not clearly define a method for claiming any exemption. To claim the "head of family" wage exemption required compliance with section 222.12. See Hill v. Haywood, 735 So.2d 539, 540 (Fla. 2d DCA 1999).