VILLANO!, Judge.
 

 Robert Zivitz, the garnishment defendant below, appeals the trial court’s final judgment of garnishment directing the garnishee to disburse $190,388.53 to Janice and Gary Zivitz, the garnishment plaintiffs below. The monies held by the garnishee were proceeds from the sale of a Longboat Key condominium owned by Robert and his second wife, Nancy. Robert claimed the monies were exempt from garnishment pursuant to the homestead exemption, but the trial court held that Robert failed to timely assert that exemption and that he failed to establish excusable neglect. For the reasons set forth below, we affirm.
 

 In 2006, Janice and Gary
 
 [1]
 
 obtained a judgment against Robert in a promissory note action unrelated to this appeal. On January 15, 2008, Janice and Gary filed a motion for issuance of a writ of garnishment on the law firm of Syprett, Meshad, Resniek, Lieb, Dumbaugh, Jones, Krotec and Westheimer, P.A. (Syprett Meshad). The motion alleged that garnishee Syprett Meshad was holding assets belonging to Robert. A writ of garnishment was served on Syprett Meshad that same day. On January 17, 2008, pursuant to section 77.041, Florida Statutes (2007), Janice and Gary served Robert with a statutory “NOTICE TO DEFENDANT OF RIGHT AGAINST GARNISHMENT OF WAGES, MONEY, AND OTHER PROPERTY.” The Notice was sent to Robert’s last known address in Alabama. The Notice, which tracked the language set forth in section 77.041, stated:
 

 The Writ of Garnishment delivered to you with this Notice means that wages, money, and other property belonging to you have been garnished to pay a court judgment against you. HOWEVER, YOU
 
 MAY
 
 BE ABLE TO KEEP OR RECOVER YOUR WAGES, MONEY, OR PROPERTY. READ THIS NOTICE CAREFULLY.
 

 State and federal laws provide that certain wages, money, and property, even if deposited in a bank, savings and loan, or credit union,
 
 may
 
 not be taken to pay certain types of court judgments. Such wages, money, and property are exempt from garnishment. The major exemptions are listed below on the form for Claim of Exemption and Request for Hearing.
 
 This list does 'not include all possible exemptions. You should consult a lawyer for specific advice.
 

 TO KEEP YOUR WAGES, MONEY, AND OTHER PROPERTY FROM BEING GARNISHED, OR TO GET BACK ANYTHING ALREADY TAKEN, YOU
 
 MUST
 
 COMPLETE A FORM FOR CLAIM OF EXEMPTION AND REQUEST FOR HEARING AS SET FORTH BELOW AND HAVE THE FORM NOTARIZED.
 
 YOU MUST FILE THE FORM WITH THE CLERK’S OFFICE WITHIN 20 DAYS AFTER THE DATE YOU RECEIVE THIS NOTICE OR YOU MAY LOSE IMPORTANT RIGHTS.
 
 YOU
 
 MUST
 
 ALSO MAIL OR DELIVER A COPY OF THIS FORM TO THE PLAINTIFFS AND THE GARNISHEE AT
 
 *844
 
 THE ADDRESSES LISTED ON THE WRIT OF GARNISHMENT.
 

 (Emphasis added.) The Notice also warned:
 

 YOU SHOULD FILE THE FORM FOR CLAIM OF EXEMPTION
 
 IMMEDIATELY
 
 TO KEEP YOUR WAGES, MONEY, OR PROPERTY FROM BEING APPLIED TO THE COURT JUDGMENT.
 
 THE CLERK CANNOT GIVE YOU LEGAL ADVICE.
 
 IF YOU NEED LEGAL ASSISTANCE YOU SHOULD SEE A LAWYER. IF YOU CANNOT AFFORD A PRIVATE LAWYER, LEGAL SERVICES MAY BE AVAILABLE. CONTACT YOUR LOCAL BAR ASSOCIATION OR ASK THE CLERK’S OFFICE ABOUT ANY LEGAL SERVICES PROGRAM IN YOUR AREA.
 

 (Emphasis added.) The Notice included an exemption claim form that read:
 

 CLAIM OF EXEMPTION AND REQUEST FOR HEARING
 

 I claim exemptions from garnishment under the following categories as checked:
 

 _ 1. Head of family wages. (You must check a. or b. below.)
 

 _ a. I provide more than one-half of the support for a child or other dependent and have net earnings of $500 or less per week.
 

 _ b. I provide more than one-half of the support for a child or other dependent, have net earnings of more than $500 per week, but have not agreed in writing to have my wages garnished.
 

 _2. Social Security benefits.
 

 _3. Supplemental Security Income benefits.
 

 _4. Public assistance (welfare).
 

 _5. Workers’ Compensation.
 

 _6. Unemployment Compensation.
 

 _7. Veterans’ benefits.
 

 _8. Retirement or profit-sharing benefits or pension money.
 

 _9. Life insurance benefits or cash surrender value of a life insurance police or proceeds of annuity contract.
 

 _ 10. Disability income benefits.
 

 _ 11. Prepaid College Trust Fund or Medical Savings Account.
 

 _ 12. Other exemptions as provided by law.
 

 _(explain)
 

 (Emphasis added.) Robert did not file a claim of exemption within the time frame set forth by the Notice.
 

 On February 5, 2008, Syprett Meshad filed an answer to the writ of garnishment asserting that it was holding $641,929.18 belonging to Robert and Nancy
 
 [2]
 
 but that the monies were proceeds from the sale of their homestead marital domicile.
 
 [3]
 
 The answer also indicated that attorney James E. Aker and his law firm had an interest in a portion of the monies as payment for attorney’s fees and costs for his represen
 
 *845
 
 tation of Robert and Nancy in an action unrelated to this appeal.
 

 On February 15, 2008, Janice and Gary served on Robert, by mail, a Garnishment Notice together with a copy of the writ of garnishment and a copy of Syprett Mesh-ad’s answer to the writ. The Garnishment Notice stated that Robert had twenty days to move to dissolve the writ of garnishment. The Garnishment Notice also warned that a default would be entered under the writ of garnishment if Robert failed to timely move to dissolve the writ. Robert did not timely move to dissolve the writ.
 

 On March 7, 2008, Janice and Gary filed and served a Motion for Entry of Final Garnishment Judgment, seeking to obtain by garnishment the monies held by Sy-prett Meshad. Because he had an interest in the monies, attorney Aker received a copy of Janice and Gary’s motion. Attorney Aker, although he did not then represent Robert in the garnishment action, also noticed that Robert had not filed any response in the garnishment proceedings and contacted Robert to suggest that he should have counsel regarding the homestead issue.
 

 On March 12, 2008, now represented by attorney Aker, Robert belatedly filed a response to Janice and Gary’s Motion for Entry of Final Garnishment Judgment, which also sought to dissolve the writ of garnishment, and that claimed the monies were shielded by virtue of the homestead exemption and that he intended to use his share of the monies to acquire a new homestead. In connection with his motion, Robert filed an affidavit from himself stating that the monies at issue were protected by the homestead exemption and explaining that he did not file a timely exemption claim because his prior conversation with the tax collector’s office led him to believe that the monies were protected from any type of execution on a judgment. He also blamed depression for his failure to timely claim an exemption. Robert also filed an affidavit from his Internal Medicine doctor
 
 [4]
 
 attesting that Robert was suffering from depression. The doctor’s affidavit speculated that a person suffering from depression such as Robert’s could “pay insufficient attention to legal documents that were served upon him and that required a response ... by a deadline date” and could make unsound, imprudent, and untimely legal decisions when confronted with legal documents containing deadlines.
 

 On March 24, 2008, Robert also belatedly filed a claim of exemption using the form contained in section 77.041, alleging that the monies at issue were protected by the homestead exemption. Based on the time frame set forth in section 77.041, both the motion to dissolve the writ of garnishment and the exemption claim form were late. Because of these deficiencies, Janice and Gary moved to strike Robert’s filings.
 

 At a hearing on May 16, 2008, where no testimony was presented, Robert argued that his failure to comply with the time requirements set forth in section 77.041 did not
 
 require
 
 or
 
 mandate
 
 the trial court to enter a garnishment judgment against him. Under Robert’s combined interpretation of sections 77.041 and 77.07(2) of the garnishment statute, failing to comply with the statute’s time requirements simply placed the matter in a default posture, where he could still move to set aside the default and could get a hearing on the issue of whether the proceeds held by Syprett Meshad were protected by the homestead exemption. Therefore, he asked the trial court to deny Janice and
 
 *846
 
 Gary’s motion to strike his belated filings and to simply set the matter for a hearing on the issue of whether the monies were protected by the exemption.
 
 [5]
 
 After hearing the parties’ respective arguments, the court noted that section 77.041 repeatedly used the word “must” when identifying the actions a garnishment defendant must proactively take to protect wages, money, or property from garnishment. Therefore, the court concluded that the time constraints set forth in section 77.041 were mandatory and must be strictly enforced. Consequently, because Robert had failed to file a timely exemption claim, he had lost the ability to claim any purported homestead protection over the monies. The court struck Robert’s belated filings and ordered Syprett Meshad to disburse to Janice and Gary $190,388.53 of the monies it was holding for Robert.
 

 Robert moved for rehearing or, in the alternative, for relief from judgment pursuant to Florida Rule of Civil Procedure 1.540(b). In support of his motion, Robert again relied on his previously filed affidavit as well as his doctor’s affidavit. He first argued that the court’s ruling misinterpreted sections 77.041 and 77.07(2). He also argued that he had met the requirements for relief from the garnishment judgment because he had established excusable neglect. The trial court denied Robert’s motion. In its order, the court clarified that it had heard arguments and reviewed all filings prior to making its original ruling that Robert “had not shown any good cause as to why [he] did not comply [with the garnishment statute] despite receiving proper notice.” The trial court then denied Robert’s motion for rehearing or for relief from judgment, finding that there was
 
 still
 
 no evidence that Robert did anything other than “take a position of deliberate indifference” to protect his monies, despite the amount of money at issue and despite ample opportunity to assert his rights within the time frame set forth by the garnishment statute. It is from this order that Robert appeals.
 

 As he argued below, Robert first argues on appeal that the trial court erred when it concluded that the language of the garnishment statute
 
 required
 
 it to strike Robert’s untimely homestead exemption claim. In Robert’s view, because section 77.041(1) provides that one
 
 “may
 
 lose important rights” if one fails to timely assert a permitted exemption, the court should have ignored the many instances where the statute provides that a person
 
 “must”
 
 timely file a claim of exemption within twenty days of receiving notice of the garnishment.
 
 See
 
 § 77.041(1) (emphasis added). We reject this argument based on clear principles of statutory interpretation.
 

 There are no reported cases in Florida addressing the precise issue presented in this appeal: what effect does a
 
 belated
 
 homestead exemption claim have in garnishment proceedings? In reaching its decision, the trial court considered the statu
 
 *847
 
 tory language in light of the undisputed facts, and we review the court’s interpretation of the statutory language de novo.
 
 See Allen v. State,
 
 873 So.2d 576, 578 (Fla. 2d DCA 2004) (holding that questions of statutory interpretation are reviewed de novo);
 
 Winn-Dixie Stores, Inc. v. Reddick,
 
 954 So.2d 723, 726 (Fla. 1st DCA 2007) (holding that application of undisputed facts to statute is subject to de novo review);
 
 Cadle Co. v. Pegasus Ranch, Inc.,
 
 920 So.2d 1276, 1277 (Fla. 4th DCA 2006) (holding that orders construing garnishment statute are reviewed de novo).
 

 Garnishment proceedings are statutory in nature and require strict adherence to the provisions of the statute.
 
 Robinson v. Robinson,
 
 154 Fla. 464, 18 So.2d 29 (1944);
 
 Pleasant Valley Farms & Morey Condensory Co. v. Carl,
 
 90 Fla. 420, 106 So. 427 (1925);
 
 Gigliotti Contracting N., Inc. v. Traffic Control Prods. of N. Fla., Inc..,
 
 788 So.2d 1013, 1016 (Fla. 2d DCA 2001). Further, when the legislature has not defined a word used in a statute, such word should be given its plain and ordinary meaning.
 
 Fla. Birth-Related Neurological Injury Comp. Ass’n v. Fla. Div. of Admin. Hearings,
 
 686 So.2d 1349, 1354 (Fla.1997). Here, section 77.041(1) clearly provides that a garnishment defendant
 
 must
 
 complete and file a claim of exemption and request for hearing within twenty days after receiving a notice of garnishment or else he
 
 may
 
 lose important rights to his property. The word “must” typically implies a command or require ment.
 
 See Merriam-Webster’s Online Dictionary,
 
 http://www.merriam-webster. com/dictionary/must (last visited March 31, 2009). Therefore, the garnishment statute commanded or required Robert to timely assert any applicable exemptions — including the homestead exemption — to protect the monies at issue. To interpret the statute otherwise would render meaningless the time requirements established in the statute for filing claims of exemptions and would result in garnishment defendants filing untimely exemption claims. Such a result would prolong garnishment proceedings and would go against the long-established principle that courts should avoid construing a statute in a manner that renders a portion of the statute meaningless.
 
 Winn-Dixie Stores, Inc.,
 
 954 So.2d at 728. We also note that section 77.041 does not provide a procedure for a garnishment defendant to file an untimely exemption claim. Rather, it warns that the person can lose important rights by failing to file a timely exemption. Therefore, the trial court’s interpretation of the statute was correct.
 

 In our view, contrary to Robert’s argument, the isolated use of the phrase “may lose important rights” in section 77.041(1) does not negate the necessity for timely compliance with the statutory time frame set forth in the garnishment statute. The inclusion in the statute of a warning that a person “may lose important rights” by not filing a timely exemption can be easily explained: the warning is included because the mere filing of a claim of exemption does not mean that the person is definitely entitled to the claimed exemption. A person may or may not ultimately qualify for the particular exemption that he has claimed. Regardless, that person must timely claim that exemption in order to proceed, which Robert failed to do. Based on the principle of strict construction, the facts of this case, and the clear language of the garnishment statute, we conclude that Robert failed to establish that the trial court erred in denying his request for relief.
 

 We reject Robert’s suggestion that the garnishment statute’s requirements should be disregarded simply be
 
 *848
 
 cause this case deals "with a potential
 
 [6]
 
 homestead issue. Robert’s argument implies that the homestead defense can be untimely raised because the statutory form for asserting a garnishment defense contained in section 77.041(1) does not include a box specifically labeled “homestead exemption.” While we acknowledge the importance of the homestead exemption, we reject this argument. First, the argument defies the plain language of the garnishment statute, which contains a
 
 nonindu-sive
 
 list of possible defenses and contains easy-to-understand time frames for the parties’ actions. Second, Florida courts have held that the homestead exemption can be abandoned or alienated in a manner provided by law.
 
 See, e.g., Nelson v. Hainlin,
 
 89 Fla. 356, 104 So. 589, 591 (1925);
 
 Hartwell v. Blasingame,
 
 564 So.2d 548, 545 (Fla. 2d DCA 1990) (holding that pursuant to section 732.702(1), Florida Statutes, a surviving spouse can waive homestead in a written prenuptial agreement);
 
 Haddock v. Cannody,
 
 1 So.3d 1133 (Fla. 1st DCA 2009) (concluding that pursuant to section 196.061, Florida Statutes, one can abandon property’s homestead status by renting it out);
 
 Cutler v. Cutler,
 
 994 So.2d 341, 345 (Fla. 3d DCA 2008) (using proceeds from homestead to pay owner’s debt resulted in loss of homestead protection);
 
 Novoa v. Amerisource Corp.,
 
 860 So.2d 506, 507 (Fla. 3d DCA 2003) (noting that homestead is abandoned by taking up permanent abode elsewhere at a distant place). Third, if the legislature had intended to allow a garnishment defendant to assert a belated homestead exemption claim, it would have so provided in section 77.041.
 
 Cf., e.g., Limbaugh v. State,
 
 887 So.2d 387, 394 (Fla. 4th DCA 2004) (“[W]e take the omission of any reference to search warrants [in the statute] as a plain legislative decision that search warrants for medical records are not affected by these [statutory] provisions.”) (citing
 
 Dobbs v. Sea Isle Hotel,
 
 56 So.2d 341, 342 (Fla.1952)). Here, Robert raised the homestead exemption for the first time on March 12, 2008, when he filed a belated response to the motion for entry of final garnishment judgment and to dissolve the garnishment.
 
 [7]
 
 Under the facts of this case, nothing precluded the trial court from concluding that he had abandoned his homestead exemption claim over the monies held by Syprett Meshad by failing to timely file an exemption claim.
 

 Robert next argues that pursuant to section 77.07(2), Florida Statutes, the only effect of the garnishment statute was to place him in garnishment default, which the court could set aside if he established due diligence, a meritorious defense, and excusable neglect. Therefore, in Robert’s view, the trial court erred in not considering whether he met the usual standard applicable to set aside defaults.
 

 We review the trial court’s order denying Robert’s motion for relief from judgment under an abuse of discretion standard.
 
 See Antuna v. Dawson,
 
 459 So.2d
 
 *849
 
 1114, 1118 (Fla. 4th DCA 1984) (holding that trial court abused discretion in denying motion for relief from garnishment judgment);
 
 Fla. Power & Light Co. v. Crabtree Constr. Co.,
 
 283 So.2d 570, 572 (Fla. 4th DCA 1973) (applying abuse of discretion standard to decision allowing garnishee to amend answer to writ of garnishment). We find no error in the trial court’s ruling.
 

 Initially, we note that the trial court’s order on rehearing reflects that the trial court did implicitly consider and reject Robert’s excusable neglect claim at the original hearing. Subsequently, it also denied Robert’s motion for rehearing or for relief from judgment, albeit without a hearing, and noted that there was “still no evidence to suggest [that Robert] did anything other than take a position of deliberate indifferenee[.]”
 

 Further, a motion for relief from judgment can be dismissed without an evi-dentiary hearing if the allegations contained in the motion, together with any accompanying affidavits, fail to allege “ ‘colorable entitlement’ to relief.”
 
 Schindler v. Schiavo (In re Guardianship of Schiavo),
 
 800 So.2d 640, 644 (Fla. 2d DCA 2001). The party seeking to set aside a default bears the burden of showing that the failure to file a responsive pleading was the result of excusable neglect, that he has a meritorious defense, and that he acted with due diligence in seeking relief from default.
 
 Geer v. Jacobsen,
 
 880 So.2d 717, 720 (Fla. 2d DCA 2004). Here, the trial court did not abuse its discretion in denying Robei't’s motion, even if it did so without an evidentiary hearing.
 

 In its order, the court stated that Robert’s motion for rehearing or for relief from judgment — which relied on the same records and affidavits previously filed — did not provide a sufficient explanation for why he had failed to take timely action to respond to the garnishment action. We agree.
 
 See, e.g., St. Surin v. St. Surin,
 
 684 So.2d 243, 244 (Fla. 2d DCA 1996) (holding that husband’s affidavit alleging that he did not understand notice of hearing did not establish excusable neglect warranting relief from judgment because “failure to understand the legal consequences of the proceedings does not constitute excusable neglect”);
 
 West v. West,
 
 534 So.2d 893, 894 (Fla. 5th DCA 1988) (finding no excusable neglect where husband claimed that he did not respond to divorce petition because he thought he and the wife were reconciling, as the wife had told him not to worry about the divorce since she was going to drop the matter);
 
 Inter-Atl. Ins. Servs., Inc. v. Hernandez,
 
 632 So.2d 1069, 1070 (Fla. 3d DCA 1994) (affidavit containing conclusory statements was insufficient to establish excusable neglect). As in these cases, neither Robert’s motion nor his affidavits demonstrated excusable neglect for failing to timely comply with the statute. The undisputed facts reflect that Robert’s conduct amounted to inaction where the statute required affirmative action. Accordingly, the trial court did not err in denying Robert’s motion for rehearing or relief from judgment.
 

 Affirmed.
 

 DAVIS and SILBERMAN, JJ., Concur.
 

 [1]
 

 . Janice is Robert's first wife, and Gary is his son.
 

 [2]
 

 . The portion of funds belonging to Nancy Zivitz is not at issue in this case.
 

 [3]
 

 . No one argued in this appeal, nor do we imply, that the garnishee's answer should be regarded as anything other than its statutory compliance with section 77.06(2) (requiring garnishee's answer to report any property in its possession or control and the names and addresses "of the defendant and any other persons having or appearing to have an ownership interest in the involved property").
 

 [4]
 

 . According to his curriculum vitae, Robert’s doctor specializes in cardiovascular issues.
 

 [5]
 

 . Robert is not asserting the homestead exemption to prevent the forced sale of his home for the benefit of creditors in the traditional sense.
 
 See
 
 Art. 10, § 4, Fla. Const. Robert had already sold his condominium when the garnishment proceedings were instituted. Rather, Robert is asserting the exemption as it applies to the proceeds of the voluntary sale of his condominium. If timely asserted and properly proved, the homestead exemption can be a defense to the seizure of funds in a garnishment action.
 
 See Orange Brevard Plumbing & Heating Co. v. La Croix,
 
 137 So.2d 201 (Fla.1962) (extending homestead exemption to proceeds of the voluntary sale of a homestead if the homeowner meets certain proof requirements to establish the applicability of the exemption);
 
 Myers v. Lehrer,
 
 671 So.2d 864 (Fla. 4th DCA 1996) (applying homestead analysis to garnishment action where garnishment defendant timely asserted homestead exemption).
 

 [6]
 

 . Because we agree with the trial court’s analysis of the issues on appeal, we need not address whether remand is necessary for the trial court to address Janice and Gary's suggestion, raised but not addressed below, that the monies at issue are not protected by the homestead exemption based on Robert’s actions, such as his relocation to Alabama and the use of some of the proceeds to pay attorney’s fees owed to attorney Aker.
 

 [7]
 

 . We note that while Robert filed a claim of exemption on March 24, 2008, using the form provided in section 77.041(1), he originally raised the homestead exemption in his March 12 response to Janice and Gary’s Motion for Entry of Final Garnishment Judgment and to Dissolve the Garnishment. While section 77.041(1) provides a standard form that can be used to claim an exemption, nothing prevents a garnishment defendant from drafting his own original document to claim an exemption.
 
 See Cadle,
 
 920 So.2d at 1278.