LAGOA, J.
Akerman Senterfitt & Eidson, P.A. (“Akerman”), as Assignee of Procesadora de Alimentos Infal, S.A. (“Infal”), appeals from an amended order dismissing garnishment writs issued against Kristinn V. Blondal (“Blondal”) and Cache Medical Connections, Inc. (“Cache”) (collectively, “Garnishees”). For the reasons discussed below, we affirm in part and reverse in part with instructions on remand.
I. FACTUAL AND PROCEDURAL HISTORY
In October 2009, Infal obtained a money judgment against Value Seafood, Inc., in the amount of $91,367.58. Infal assigned this money judgment to Akerman in June 2010. On August 2, 2011, in an attempt to collect on this money judgment, Akerman had the clerk of court issue writs of garnishment (“First Writs”) against Blondal and Cache Medical Connections.
In their Answer, the Garnishees denied any indebtedness to Value Seafood and denied possession of property belonging to Value Seafood. The Garnishees further demanded attorney’s fees. Akerman filed a reply. In its reply, Akerman denied the Garnishees’ allegations concerning their lack of indebtedness to Value Seafood and alleged that in early 2009 the Garnishees had been the recipients of fraudulent transfers from Value Seafood. Akerman then filed a Notice for Non-Jury Trial and trial was set for March 16, 2012.
In February 2012, the Garnishees filed a Notice of Dissolution of Writ of Garnishment pursuant to section 77.07(5), Florida Statutes (2012), in which they alleged that the First Writs were automatically dissolved by operation of law because of Ak-erman’s failure to comply with the requirements of the statute. Specifically, the Garnishees contended that because Aker-man failed to file a motion for final judgment or to seek an extension of the First Writs within six months of their issuance, the First Writs were automatically dissolved by operation of law effective on or about February 2, 2012, and they were discharged from further liability under the First Writs.
Akerman filed a response. In its response, Akerman stated that there was no basis for the First Writs to be automatically, or otherwise, dissolved as it had served a notice for trial, trial was scheduled, and the parties subsequently appeared at a calendar call. A hearing on the matter was held March 1, 2012, and on March 20, 2012, the trial court entered an order (the “March 20th Order”) finding that the automatic dissolution of the First Writs under section 77.07(5), discharged the Garnishees from further liability under the First Writs, and removed the case from the trial calendar “without prejudice to [Akerman] procuring new writs of garnishment to be served on the garnishees.”
New writs of garnishment (“Second Writs”) were subsequently issued by the clerk, and the Garnishees then moved to dissolve, abate or dismiss the newly filed Second Writs and to award attorney’s fees. Relying on Matthews v. First Federal Savings & Loan of Englewood, 571 So.2d 2 (Fla. 2d DCA1990), the Garnishees argued that the trial court’s prior dissolution of *86 the judgment creditor’s First Writs was tantamount to a final judgment. The trial court agreed and entered an order entitled “Amended Order Clarifying Order Dated March 20, 2012,” (the “Amended Order”), in which it withdrew and replaced the March 20th Order and granted the motion to dismiss the newly filed Second Writs.
The Amended Order states that under section 77.07(5), Akerman’s failure to file a motion for final judgment within six months after filing the First Writs, or to seek an extension of the writs, resulted in dissolution of the First Writs and discharge of the garnishees from further liability under the First Writs. The trial court further found that it would be “circumventing the intent and meaning of § 77.07(5)” to allow “a plaintiff/judgment creditor ... to file another subsequent writ of garnishment after a prior writ of garnishment was dissolved pursuant to § 77.07(5),” and concluded that the March 20th Order should not have included “permissive language entitling the judgment debtor the opportunity to file a subsequent writ.” This appeal timely followed.
II. STANDARD OF REVIEW
“We review de novo orders construing statutes such as those controlling garnishment.” Marquez v. BlueCare Home Health Servs., Inc., 116 So.3d 563 (Fla. 3d DCA 2013).
III. ANALYSIS
“The statutory remedy of garnishment is governed by the procedures outlined in chapter 77, Florida Statutes [2012].” Gigliotti Contracting N., Inc. v. Traffic Control Prod. of N. Fla. Inc., 788 So.2d 1013, 1016 (Fla. 2d DCA 2001). “It is fundamental that garnishment statutes must be strictly construed.” Williams v. Espirito Santo Bank of Fla., 656 So.2d 212, 213 (Fla. 3d DCA 1995). Failure to adhere to the garnishment procedures is at the root of Akerman’s problem here, see Gigliotti Contracting N., Inc., 788 So.2d at 1016, as we agree with the trial court that Akerman’s failure to file a motion for final judgment or to seek an extension of the First Writs within six months after their filing resulted in the automatic dissolution of the First Writs pursuant to section 77.07(5).
However, we cannot agree with the trial court’s dismissal of the Second Writs. Akerman’s reply set forth facts that, if true, would make the Garnishees liable for the amounts fraudulently transferred to them by Value Seafood. Therefore, the pleadings before the trial court suggested that Akerman had a meritorious claim, and automatic dissolution of the writs without leave to comply with the statutory process effectively denied Akerman its due process rights to have its claim adjudicated on the merits. Gigliotti Contracting N., Inc., 788 So.2d at 1016.
We further find that there is no basis in the language of section 77.07(5) to support the trial court’s conclusion that it would be “circumventing the intent and meaning of § 77.07(5)” to allow “a plaintiff/judgment creditor ... to file another subsequent writ of garnishment after a prior writ of garnishment was dissolved pursuant to § 77.07(5).” “[Legislative intent is determined primarily from the text [of a statute].” Cont’l Cas. Co. v. Ryan Inc. E., 974 So.2d 368, 374 (Fla.2008). When a statute is clear and unambiguous, courts will not look behind the statute’s plain language for legislative intent or resort to rules of statutory construction to ascertain intent. See City of Miami Beach v. Galbut, 626 So.2d 192, 193 (Fla.1993).
Section 77.07 was amended in 2005 to add subsection (5), which states as follows:
*87 If the plaintiff fails to file a dismissal or motion for final judgment within 6 months after filing the writ of garnishment, the writ shall automatically be dissolved and the garnishee shall be discharged from further liability under the writ. The plaintiff has the right to extend the writ for an additional 6 months by serving the garnishee and the defendant a notice of extension and filing in the underlying proceeding a certification of such service.
The language of this subsection is clear and unambiguous, such that its plain meaning should be used to determine legislative intent. It provides for the automatic dissolution of a writ of garnishment, and for the discharge of a garnishee, not from all further liability, but rather, from liability under the writ automatically dissolved. § 77.07(5), Fla. Stat. (“[T]he writ shall automatically be dissolved and the garnishee shall be discharged from further liability under the writ”) (emphasis added).
We cannot extend the express terms of section 77.07(5) to hold that a subsequent writ of garnishment is impermissible where a prior writ of garnishment was automatically dissolved pursuant to the terms of that subsection. See Holly v. Auld, 450 So.2d 217, 219 (Fla.1984) (Florida courts are without power to construe an unambiguous statute in a way that would extend its express terms or its reasonable and obvious implications because to do so would be an abrogation of legislative power.). To do so, would be to read language into the statute that is simply not there.
Matthews v. First Federal Savings & Loan of Englewood, 571 So.2d 2 (Fla. 2d DCA 1990), does not alter our conclusion, as that opinion is distinguishable. First, Matthews concerns the construction and application of section 77.28, Florida Statutes (1989), not section 77.07(5). Section 77.28 relates to attorney’s fees, costs and expenses in a garnishment proceeding, providing for reimbursement to a garnishee upon rendition of a final judgment. § 77.28, Fla. Stat. In applying section 77.28, our sister court in Matthews held that the trial court’s order granting the garnishees’ motion to dismiss and dissolving the writ of garnishment was a final judgment “within the meaning of section 77.28.” Matthews, 571 So.2d at 3.
Furthermore, there are insufficient facts in that opinion to apply it to the facts in this case. Matthews does not discuss the circumstances which led to the granting of the garnishees’ motion to dismiss and dissolve the writ of garnishment, as that order was previously affirmed without opinion. Thus, because the facts surrounding the dissolution in Matthews are unknown, we cannot similarly conclude that the dissolution here is also tantamount to a final judgment adjudicating the merits of Aker-man’s claim against the Garnishees.
IV. CONCLUSION
Accordingly, based on the foregoing, we find no error with the trial court’s conclusion that section 77.07(5) required automatic dissolution of the First Writs, and we affirm the Amended Order in this respect. We reverse, however, that portion of the Amended Order which granted the Garnishees’ motion to dismiss the newly filed Second Writs because neither section 77.07(5) nor Matthews bar the filing of successive writs of garnishment. We remand the matter to the trial court with directions to reinstate the Second Writs and reset the matter for trial on the issues presented.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.