CITY OF DELRAY BEACH, Appellant,

v.

Robert DESISTO and Bank of America, N.A., Appellees.

No. 4D15–2813.

District Court of Appeal of Florida,
Fourth District.

Nov. 9, 2016.

Noel Pfeffer, City Attorney, and Janice D. Rustin, Assistant City Attorney, Office of the City Attorney, City of Delray Beach, Florida, Delray Beach, for appellant.

Isidro M. Garcia of Garcia Law Firm, P.A., West Palm Beach, for appellee, Robert Desisto, and Mary J. Walter of Liebler, Gonzalez & Portuondo, Miami, for appellee, Bank of America.

MAY, J.

The city appeals a final judgment of garnishment. It argues the trial court erred in failing to rule on the merits of its motions to dissolve the writ of garnishment. We agree and reverse.

The plaintiff obtained a judgment against the City of Delray Beach for wrongful termination. The trial court reserved the right to award attorney's fees. The city appealed the underlying judgment; the plaintiff cross-appealed.

During that appeal, the trial court entered an attorney's fees judgment, subject to the city's sovereign immunity cap. The city did not appeal that judgment. The plaintiff then moved for an ex-parte writ of garnishment on the attorney's fees judgment. The court issued a writ to the bank as garnishee. The plaintiff sent a notice, informing the city that it could move to dissolve the writ within 20 days of receipt of the notice.

The bank answered, denying that it was indebted to the city. The city did not receive a copy of the bank's answer, but moved to dissolve the writ, arguing the fee award was contingent on the outcome of the underlying appeal. The trial court denied the motion to dissolve "without prejudice."

On the same day, the plaintiff sent the city a notice, including the bank's answer, but it did not alert the city that it must move to dissolve the writ within 20 days after the notice date as required by statute. Instead, it stated the city already exercised its right to dissolve the writ, which was denied. The bank moved for leave to amend after discovering that it was indebted to the city. The plaintiff then sent another notice to the city.

Twenty days after receiving that notice, the city filed its second motion to dissolve, adding three new arguments.

(1) the writ should be dissolved for failure to comply with the notice requirements of section 77.055, Florida Statutes;

(2) the fee issue was under the appellate court's jurisdiction because the underlying judgment was on appeal; and

(3) the fee issue was intertwined with the plaintiff's recovery under the sovereign immunity cap.

The plaintiff did not respond to the city's second motion to dissolve, but the trial court granted the motion.

The trial court then reversed itself and reserved judgment, giving the parties an opportunity to brief the issue of whether the city had appealed the attorney's fee judgment. The trial court subsequently denied the city's second motion to dissolve. The court stated the motion was untimely and merely "re-hash[ed]" arguments previously made in an effort to avoid garnishment.

The trial court entered a final judgment in garnishment and ordered the bank to release $41,073.25 to the plaintiff. The city immediately appealed.[1]

The city now argues the trial court did not have jurisdiction to order garnishment because the issue of entitlement to attorney's fees was pending within our jurisdiction at the time. It suggests the attorney's fees judgment was stayed pending the underlying appeal, which included the trial court's decision on entitlement to fees. The city requests we set aside the final judgment in garnishment based on the trial court's lack of jurisdiction.

██ Determining whether a court has subject matter jurisdiction is a question of law and reviewed *de novo*. *Magloire v. Bank of New York*, 147 So.3d 594, 596 (Fla. 4th DCA 2014). "[O]rders construing statutes, such as those controlling garnishment and claims of exemption, [are reviewed] *de novo*." *Cadle Co. v. Pegasus Ranch, Inc.*, 920 So.2d 1276, 1276 (Fla. 4th DCA 2006).

██ A judgment is not considered final until the appellate process is complete. *Levin v. Ethan Allen, Inc.*, 823 So.2d 132, 134 (Fla. 4th DCA 2002)). While a judgment may be final for the purpose of appealing, the appellate process prevents it from being final for other purposes. *GEICO Fin. Servs., Inc. v. Kramer*, 575 So.2d 1345, 1347 (Fla. 4th DCA 1991). Until the appeal of an underlying action is complete, the proper remedy for a trial court is to stay garnishment proceedings rather than dissolve writs of garnishment when a judgment creditor seeks to garnish a judgment debtor's assets. *Id.*

Here, while the underlying appeal was pending, that judgment was not final. However, the garnishment judgment was not related to the underlying judgment. Rather, it was related to the subsequent attorney's fees judgment, a separate final order that the city did not appeal.

The city claims however that when the amount of fees was determined during the pendency of the underlying appeal, the plaintiff's entitlement to fees ripened for review with the underlying appeal. The city is simply wrong.

██ The original judgment and the attorney's fees judgment were separate final judgments. The trial court did not determine entitlement to attorney's fees in the original judgment, but simply reserved jurisdiction to do so. When the city failed to appeal the attorney's fees judgment, it became final and subject to garnishment proceedings.

The city next claims the attorney's fees judgment was automatically stayed pending the outcome of the appeal of the underlying judgment. When a public body timely files a notice of appeal, the issue under appeal is automatically stayed pending re-

---

1. The plaintiff moved to dismiss the appeal, arguing the city's failure to appeal the attor- ney's fees judgment rendered this appeal moot. We denied the motion.

view by the appellate court. *See* Fla. R. App. P. 9.310(b)(2).

Here, the trial court's garnishment judgment related to the attorney's fee judgment that had not been appealed. There was no automatic stay. As such, the city's argument fails. The trial court had jurisdiction to enter the garnishment order.

Nevertheless, the city argues, even if the trial court had jurisdiction, the court erred in entering the final judgment in garnishment for three reasons. First, the court failed to rule on the merits of the city's motion to dissolve the writ. Second, the court erred in finding the city's second motion to dissolve the writ was untimely. Third, the plaintiff failed to strictly comply with the requirements of the garnishment statutes. We address the first and second issues, but remand the case for the trial court to address the merits of the third issue.

We have de novo review. *Arnold, Matheny & Eagan, P.A. v. First Am. Holdings, Inc.*, 982 So.2d 628, 632 (Fla. 2008).

*Akerman Senterfitt & Eidson, P.A. v. Value Seafood, Inc.*, 121 So.3d 83 (Fla. 3d DCA 2013) provides guidance. There, the Third District set aside a final judgment denying garnishment. *Id.* at 87. The plaintiff's first writ was dissolved for failure to comply with statutory procedures, and the trial court barred the plaintiff from filing a new writ. *Id.* at 85. The Third District held the pleadings suggested a meritorious claim, and automatic dissolution of the writ denied the plaintiff its due process right to have its claim adjudicated on the merits. *Id.* at 86.

■ Although *Akerman* did not deal with a motion to dissolve, it indicates that parties' garnishment arguments should be adjudicated on their merits. Here, the trial court dismissed the city's second motion to dissolve because it was untimely

and merely "re-hash[ed]" arguments previously made. However, the court never considered the merits of either motion. And, the city added new arguments in its second motion to dissolve.

■ The trial court also erred in holding the city's second motion was untimely. "[A defendant] must move to dissolve the writ of garnishment within 20 days after the date indicated on the certificate of service in the notice . . . ." § 77.055, Fla. Stat. The record reveals the city's second motion was filed within 20 days of receiving the plaintiff's notice with the attached amended answer by the bank. As such, the motion was timely.

The trial court erred in two respects. It failed to consider the merits of the city's motions to dissolve and found the second motion untimely. We therefore reverse and remand the case to the trial court for further proceedings consistent with this opinion.

*Reversed and Remanded.*

CIKLIN, C.J., and DAMOORGIAN, J., concur.