[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-14404
Non-Argument Calendar

_____

D.C. Docket No. 8:15-cv-01462-JSM-AAS

BRANCH BANKING AND TRUST COMPANY,
a North Carolina banking corporation, as successor-in-
interest to Colonial Bank, successor by merger to Citrus
and Chemical Bank,

Plaintiff - Appellee,

versus

OSWALD P. CARREROU,
individually,
CRYSTAL CENTRE, LLC,
a Florida limited liability company,
DONALD K. STEPHENS,
individually,
BANK OF AMERICA, N.A.,

Defendants - Appellants.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 8, 2018)

Before MARTIN, JILL PRYOR, and NEWSOM, Circuit Judges.

PER CURIAM:

On behalf of himself and his wife, Oswald Carrerou appeals the district court's final judgment of garnishment against his retirement accounts—assets that would ordinarily be exempt from attachment under Florida law—based on his failure to timely file a claim of exemption and a motion to dissolve a writ of garnishment pursuant to Fla. Stat. §§ 77.041, 77.07(2).  On appeal, Carrerou argues that the district court misinterpreted Florida's garnishment statutes and that his untimely filings resulted from "excusable neglect."  After careful review, we affirm.[1]

In federal court, the procedure on execution of a judgment "must accord with the procedure of the state where the court is located[.]"  Fed. R. Civ. P. 69(a)(1).  Florida law provides that once a judgment is rendered in its favor, an entity has a right to seek a writ of garnishment.  *See* Fla. Stat. § 77.01.  Certain property is exempt from attachment, including retirement accounts.  *See* Fla. Stat. §§ 77.041(1); 222.21(2)(a).  Importantly here, a Florida judgment creditor is required to send the judgment debtor two garnishment-related notices.  First, the creditor must notify the debtor that if an exemption from garnishment applies, he "*must* complete a form for claim of exemption and request for hearing"—and, in

---

[1] "We review a district court's interpretation of a statute de novo."  *Burlison v. McDonald's Corp.,* 455 F.3d 1242, 1245 (11th Cir. 2006).

2

particular, the debtor "*must*" do so within 20 days after receipt of the notice or he "may lose important rights." Fla. Stat. § 77.041 (emphasis added). Second, the creditor must notify the debtor that he "*must* move to dissolve the writ of garnishment within 20 days" after the date on the certificate of service. Fla. Stat. § 77.055 (emphasis added). As to the latter, failure to timely file the motion to dissolve "shall result in the striking of the motion as an unauthorized nullity by the court, and the proceedings shall be in a default posture as to the party involved." Fla. Stat. § 77.07(2).

In this case, it is undisputed that the accounts at issue are retirement accounts that are exempt from attachment under Florida law. It is also undisputed that both the claim of exemption and the motion to dissolve were filed late— approximately two months and one month, respectively. The district court denied the untimely filings and entered final judgment in garnishment in favor of the creditor, BB&T.

On appeal, Carrerou contends that nothing in the statutory text states that an untimely filing will automatically cause a debtor to lose his exemption rights. Rather, he argues, the "may lose" and "default posture" language implies that the debtor will have an opportunity to correct the deficiency and cure the default. Florida courts, though, have considered Carrerou's precise arguments and rejected them. *See Zivitz v. Zivitz*, 16 So. 3d 841 (Fla. 2d DCA 2009) (holding that the

untimely filing of an exemption claim prevented the debtor from receiving the benefit of the exemption and required a decision in favor of the garnishor).

Carrerou criticizes *Zivitz* for failing to adequately consider Florida's public policy favoring liberal interpretation of exemption statutes to prevent debtors from becoming public charges. But as the *Zivitz* court emphasized, under Florida law "[g]arnishment proceedings are statutory in nature and require strict adherence to the provisions of the statute." *Zivitz*, 16 So. 3d at 847; *see also Akerman Senterfitt & Eidson, P.A. v. Value Seafood, Inc.*, 121 So. 3d 83, 86 (Fla. 3d DCA 2013) ("It is fundamental that garnishment statutes must be strictly construed."). Statutory language "should be given its plain and ordinary meaning," *Zivitz*, 16 So. 3d at 847, and here the statutes clearly state that the exemption claim and motion to dissolve "must" have been filed within the specified time periods. *See* Fla. Stat. §§ 77.041, 77.055; *see also Zivitz*, 16 So. 3d at 846 ("[S]ection 77.041 repeatedly used the word 'must' when identifying the actions a garnishment defendant must proactively take to protect wages, money, or property from garnishment."). As the *Zivtiz* court explained, when read in context, the "may lose important rights" language in Section 77.041 merely accounts for instances in which the debtor ultimately does not qualify for an exemption and thus never had "important rights" to lose. *See Zivitz*, 16 So. 3d at 847. It does not "negate the necessity for timely compliance with the statutory time frame." *Id.* Therefore, here—as in *Zivitz*—by

4

failing to timely file the claim of exemption and motion to dissolve, Carrerou forfeited his exemption claim and his opportunity to dissolve the writ as to the retirement accounts.

Carrerou's "excusable neglect" argument is also unpersuasive.  Carrerou received proper notice of the statutory filing deadlines and his one- and two-month delays were significant, especially considering the relatively short time frame in which garnishment proceedings must occur under Florida law.  Moreover, as the *Zivitz* court observed, permitting debtors to exceed the clearly stated statutory deadlines would not only "render meaningless the time requirements established in the statute for filing claims of exemptions" but would also "prolong garnishment proceedings and would go against the long-established principle that courts should avoid construing a statute in a manner that renders a portion of the statute meaningless." *Zivitz*, 16 So. 3d at 847.

\* \* \*

For the foregoing reasons, the district court's judgment is **AFFIRMED**.