# Third District Court of Appeal

## State of Florida

Opinion filed November 6, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0317
Lower Tribunal No. 2023-16287-CA-01
_____


**Emanuel Abramov,**
Appellant,

vs.

**NextGear Capital, Inc.,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Antonio Arzola, Judge.

Zeig Law Firm, PLLC, Justin Zeig and Shelby Schwartzberg (Hollywood), for appellant.

Emanuel & Zwiebel, PLLC, Ronald M. Emanuel and Eric B. Zwiebel (Plantation), for appellee.


Before SCALES, GORDO and GOODEN, JJ.

GORDO, J.

Emanuel Abramov ("Abramov") appeals a final order denying his claim of exemption from garnishment and awarding Nextgear Capital Inc. ("Nextgear") the funds held in a joint account shared with his wife.  We have jurisdiction.  Fla. R. App. P. 9.030(b)(1)(A).  Because the trial court erred in finding that Abramov failed to properly raise the exemption of tenancy by the entireties, we reverse.

## I.

Nextgear filed an action in Miami-Dade County to record a judgment against Abramov from Indiana.  Nextgear obtained a writ of garnishment, which ordered Wells Fargo Bank, N.A. ("Wells Fargo") to disclose any funds owed to Abramov.  In its response, Wells Fargo identified two accounts: one solely belonging to Abramov and a joint account with his wife.[1]

Abramov timely filed a claim of exemption from garnishment on the joint account.  On the exemption form,[2] Abramov checked category two for social security benefits and category twelve for "other exemptions as provided by law."  In category twelve, Abramov explained he does not earn any income and the funds in the garnished account belong to his wife, with him listed only as a joint spouse on the account.

---

[1]  Abramov's individual account is not the subject of this appeal.
[2]  See Claim of Exemption and Request for Hearing; § 77.041(1), Fla. Stat.

The trial court held an evidentiary hearing where Abramov and his wife testified about their joint ownership of the bank account. After the hearing, the court found that Abramov properly claimed the exemption for social security benefits but waived the tenancy by the entireties exemption by not explicitly stating "the funds were protected by tenancy by the entireties" on the exemption form. Accordingly, the trial court awarded Nextgear the garnished funds in the amount of $3,376.01. This appeal followed.

## II.

"The classification of monies sought in a garnishment proceeding 'is a question of statutory interpretation that is reviewed de novo.'" Kane v. Stewart Tilghman Fox & Bianchi, P.A., 197 So. 3d 137, 141 (Fla. 4th DCA 2016) (quoting Baker v. Storfer, 51 So. 3d 652, 653 (Fla. 4th DCA 2011)).

On appeal, Abramov argues section 77.041(1), Florida Statutes, does not require him to formally state "the funds were protected by tenancy by the entireties" on the exemption form. He contends that checking category twelve for "other exemptions as provided by law" and indicating he is a joint spouse on the account suffices to claim the tenancy by the entireties exemption.

We start with the basic premise that "[g]arnishment proceedings are statutory in nature and require strict adherence to the provisions of the

3

statute." <u>Zivitz v. Zivitz</u>, 16 So. 3d 841, 847 (Fla. 2d DCA 2009). "[W]hen the legislature has not defined a word used in a statute, such word should be given its plain and ordinary meaning." <u>Id.</u> The relevant portion of section 77.041(1) states:

> IF AN EXEMPTION FROM GARNISHMENT APPLIES TO YOU AND YOU WANT TO KEEP YOUR WAGES, MONEY, AND OTHER PROPERTY FROM BEING GARNISHED, OR TO RECOVER ANYTHING ALREADY TAKEN, **YOU MUST COMPLETE A FORM FOR CLAIM OF EXEMPTION** AND REQUEST FOR HEARING AS SET FORTH BELOW AND HAVE THE FORM NOTARIZED. IF YOU HAVE A VALID EXEMPTION, YOU MUST FILE THE FORM WITH THE CLERK'S OFFICE WITHIN 20 DAYS AFTER THE DATE YOU RECEIVE THIS NOTICE OR YOU MAY LOSE IMPORTANT RIGHTS.

§ 77.041(1), Fla. Stat. (emphasis added).

Here, the plain and unambiguous language of section 77.041(1) required Abramov to "complete a form for claim of exemption" in a timely manner. Because Abramov timely filed his claim of exemption, stating the funds in the garnished account belong to his wife and that he is listed only as a joint spouse, we find this sufficient to put the court on notice that he was preserving his exemption under the tenancy by the entireties. <u>See</u> <u>Zivitz</u>, 16 So. 3d at 847 (holding section 77.041(1) only "provides that a garnishment defendant *must* complete and file a claim of exemption and request for

4

hearing within twenty days after receiving a notice of garnishment or else he *may* lose important rights to his property"); DMB Inv. Tr. v. Islamorada, Vill. of Islands, 225 So. 3d 312, 317 (Fla. 3d DCA 2017) ("It is a fundamental principle of statutory construction that where the language of a statute is plain and unambiguous there is no occasion for judicial interpretation." (quoting Forsythe v. Longboat Key Beach Erosion Control Dist., 604 So. 2d 452, 454 (Fla. 1992))); McCloud v. State, 260 So. 3d 911, 914 (Fla. 2018) ("If the statute is 'clear and unambiguous,' then this Court does not look beyond the plain language or employ the rules of construction to determine legislative intent—it simply applies the law." (quoting Gaulden v. State, 195 So. 3d 1123, 1125 (Fla. 2016))).  Accordingly, we reverse and remand for the trial court to hold an evidentiary hearing to determine whether the tenancy by the entireties exemption applies.

Reversed and remanded for further proceedings.