240 So.2d 1 (1970)
STATE of Florida, Plaintiff
v.
Wayne HAYLES, Defendant.
No. 39500.
Supreme Court of Florida.
September 30, 1970.
*2 David M. Porter, for plaintiff.
Frank Clark, III, Indialantic, for defendant.
ADKINS, Justice.
This case arose in the Court of Record of Brevard County, which, pursuant to F.A.R. 4.6, 32 F.S.A. certified two questions to the District Court of Appeal, Fourth District, which in turn transferred sua sponte those questions to this Court, pursuant to F.A.R. 2.1, subd. a(5) (d).
In the informations filed against him, defendant below was charged with possession of "a certain hullucinogenic drug, to-wit: lysergic acid diethylamide, as defined in Fla. Stat. § 404.01(3), F.S.A., contrary to § 404.02(1)." Lysergic acid diethylamide is generally known as LSD.
Fla. Stat., Ch. 404, F.S.A., originally was enacted in 1957 and at that time was designed to regulate improper use of barbiturates and central nervous system stimulants, which were involved in most improper drug use not including narcotics. At that time, the Chapter was entitled "Florida Barbiturate Law."
In 1967, the Chapter was rewritten and retitled as the "Florida Drug Abuse Law," and its coverage was broadened to include LSD and other substances which have come into use. Fla. Stat. Subsection 404.01(1) of Ch. 404, Definitions, F.S.A., defines barbiturates and Subsection 404.01(3) defines "hallucinogenic drug" substances to include LSD and similar substances, DMT, peyote, mecaline, and other named or similar substances.
Fla. Stat. § 404.02, Prohibited Acts, F.S.A., states the following to be unlawful:
"The delivering or causing to be delivered of any barbiturate or central nervous system stimulant or other drug controlled by this chapter, * * *." (Emphasis supplied)
Subsection 404.02(4) makes unlawful

"The actual or constructive possession or control of a barbiturate or a central nervous system stimulant or other drug controlled by this law by any person unless such person obtained such drug on the written prescription of a practitioner or unless such person obtained such drug by direct delivery from a practitioner for bona fide medical use, * * *." (Emphasis supplied)
The trial judge certified the following two questions:
"Question I.
"Is it the intent of the Legislature by Section 404.02(1), F.S., to prohibit the delivery of LSD and by Section 404.02 (4), F.S., to prohibit the possession of LSD?
"Question II.
"If the answer to the preceding question is yes, then is the phrase `or other drug controlled by this law' of such determinative meaning and of such reasonably specific and certain language as to define the prohibited material with sufficient precision as to clearly advise a citizen of the conduct and material prescribed and as to save this criminal statute from being constitutionally void for uncertainty?"
The questions are answered as follows:
I. It was the intention of the Legislature in Fla. Stat., Ch. 404, F.S.A., to prohibit the possession and delivery of hallucinogenic drugs, including LSD.
II. By application of the principle of ejusdem generis, the phrase "or other drug controlled by this law" is of such determinative meaning and reasonably specific and sufficient precision as to clearly advise a citizen of the conduct which is proscribed; thus the statute is not unconstitutionally vague in this case.
Fla. Stat. § 404.01, F.S.A., of the chapter in Definitions lists specific types of substances *3 to which the entire Ch. 404 is to apply. These include barbiturates, central nervous system stimulants, and hallucinogenic drugs. Fla. Stat. § 404.02, F.S.A., makes unlawful the delivery of barbiturates, central nervous system stimulants, or of "any * * * other drug controlled by this chapter," and also makes unlawful the possession of barbiturates, central nervous system stimulants, "or other drug controlled by this law * * *."
Reading Fla. Stat. §§ 404.01 and 404.02, F.S.A., in conjunction, the only reasonable conclusion is that the Legislature intended to make unlawful under § 404.02, the possession or delivery of substances named in § 404.01.
It may be noted that Subsection 404.01 (3) specifically names LSD and similar substances as being included in coverage of the Chapter.
All statutes relating to the same subject matter should be so construed with reference to each other that effect may be given to all the provisions of each, if this can be done by any fair and reasonable construction. In re Watkins Estate, 75 So.2d 194 (Fla. 1954); Sanders v. State, 46 So.2d 491 (Fla. 1950). See also 22 FLP, Statutes § 86.
Some of the provisions of Fla. Stat., Ch. 404, F.S.A., refer to "a barbiturate or a central nervous system stimulant or hallucinogenic drug" (Secs. 404.02(3), 404.02 (8), 404.02(10)), while other provisions of Fla. Stat., Ch. 404, F.S.A., refer to "barbiturates or central nervous system stimulants or other drugs controlled by this law," (Secs. 404.04(2), 404.04(2) (d), 404.05).
As a general rule, in construing a statute to ascertain the intention of the Legislature, the statute should be construed as a whole or in its entirety, and the legislative intent gathered from the entire statute rather than from any one part thereof. 22 FLP, Statutes § 77. Hallucinogenic drugs are controlled by Fla. Stat., Ch. 404, F.S.A. Unless the clause "other drugs controlled by this law" is construed to include hallucinogenic drugs, then the exemptions for use by pharmacists and hospitals (Fla. Stat. § 404.04), as well as the provisions requiring the keeping of certain records (Fla. Stat. § 404.05) would not be applicable to those persons or institutions which may be using hallucinogenic drugs for treatment or research. This was not the intention of the Legislature.
Defendant below was charged with delivery and possession of LSD. A fair reading of the entire statute, coupled with examination of its legislative history, persuades that the Drug Abuse Law had as one of its specific and stated objectives the control and regulation of LSD and other hallucinogenic drugs.
This cause is remanded to the District Court of Appeal with instructions to further remand it to the Court of Record of Brevard County for further proceedings consistent with the law of the case.
It is so ordered.
ERVIN, C.J., and ROBERTS and BOYD, JJ., concur.
DREW, J., dissents with opinion.
DREW, Justice (dissenting):
This case should be returned to the District Court of Appeal. We should not answer the questions because we would have no jurisdiction of an appeal from a judgment of a trial court construing or interpreting a state statute. Our jurisdiction vests only when a trial judge directly passes on the validity of such a statute. If we follow the procedure here approved this Court can, in any case where a trial court is presented a question of construction of a penal statute, take over the jurisdiction vested only in the District Courts of Appeal.
I dissent.