QUESTION: Are county school officials empowered to determine the locations of school speed zones?
SUMMARY: County school officials are not authorized by statute to establish school zones and school zone speed limits for traffic control purposes. Whenever safety hazards exist in the circumstances prescribed in s. 234.082, F. S., which have not been corrected by the Department of Transportation or local authorities (county and municipal) responsible for traffic safety, whichever has original jurisdiction over the involved road or street, the district school board is required to take or cause to be taken such precautions as may be necessary to safeguard the pupils. Your question is answered in the negative. The question appears to be designed to elicit an opinion as to the "proper governmental authority" to establish school zones and school zone speed limits, for traffic control purposes, on public roads and streets surrounding an established and functioning public or private school. Section 316.184, F. S. A school zone is an area designated for the purpose of establishing a reduced school zone speed limit which is in effect at the beginning and end of the regularly scheduled school day. Cf. AGO 073-16. Section 316.184, F. S., provides for the "[e]stablishment of school speed zones, enforcement; designation" (Emphasis supplied.) and subsection (4) thereof provides: No school zone speed limit shall be less than 15 miles per hour except by local regulation. Such speed limit shall be in force only during those times 30 minutes before and 30 minutes after the times necessary and corresponding to the periods of time when pupils are arriving at and leaving regularly scheduled school sessions. (Emphasis supplied.) The language in the heading or subtitle was supplied by the Legislature itself in Ch. 71-135, Laws of Florida, the original act creating s. 316.184, F. S. The entire section therefore is to be read in light of the legislative intent manifested when it used the language "[e]stablishment of school speed zones, enforcement; designation." (Emphasis supplied.) See AGO 057-314. The intent of the Legislature as gleaned from the statute is the law. State ex rel. Davis v. Knight, 124 So. 461 (Fla. 1929); Small v. Sun Oil Co.,222 So.2d 196 (Fla. 1969). Chapter 71-135, supra, declares, in its title, that Ch. 316 provides for "the respective powers of state and local authorities in control of traffic upon the streets and highways." Section 316.003(20), F. S., defines "local authorities" to include all public officials of the several counties and municipalities of the state. The Legislature amended s. 316.184 by Chs. 73-161 and 73-366, Laws of Florida, and in enacting these amendatory laws it provided the same subtitle. The heading or subtitle, "[e]stablishment of school speed zones, enforcement; designation," placed at the beginning of s. 316.184, F. S., by the Legislature itself, when read with the entire statute, says in effect that s. 316.184 is intended to govern the establishment and location of school zones as well as the maintenance thereof and school zone speed limits and that such is within the province of, and is the lawful responsibility of, the Department of Transportation or the governing body of each county and municipality, as the case may be, whichever has lawful jurisdiction over the area in which any such school zones are located and the highways and streets adjacent to or surrounding the affected public or private schools. The subtitle is a part of the statute itself, limiting and defining the effect of the section of which it is a part. Berger v. Jackson, 23 So.2d 265
(Fla. 1945). The legislative intent and purpose deducible from the statute must be given effect even though apparently it may contradict the strict letter of the statute and the canons of construction. State v. Sullivan, 116 So. 255, 261 (Fla. 1928); Singleton v. Larson, 46 So.2d 186, 189 (Fla. 1950); Overman v. State Board of Control, 62 So.2d 696, 701 (Fla. 1952). The Legislature has by the terms of s. 316.184, F. S., imposed duties upon and empowered the Department of Transportation, municipalities, and counties, as the case may be, in regard to the designation, establishment, maintenance, and regulation of school zones and school zone speed limits. The conclusion must be drawn that the Legislature intended that the Department of Transportation, municipalities, and counties within their respective jurisdiction designate or establish, locate, and regulate school speed zones. The statute nowhere mentioning the county school boards in this regard, they are deemed to be excluded from the operation of the law. Dobbs v. Sea Isle Hotel,56 So.2d 341 (Fla. 1952); Interlachen Lakes Estates, Inc. v. Snyder, 304 So.2d 433 (Fla. 1974); Ideal Farms Drainage Dist. v. Certain Land, 19 So.2d 234 (Fla. 1944). Moreover, s. 316.184(4), F. S., must be read in the context of related laws, e.g., s. 234.082, F. S.; Markham v. Blount, 175 So.2d 526 (Fla. 1965); Garner v. Ward, 251 So.2d 252 (Fla. 1971); and other parts and sections of Ch. 316, F. S., such as ss. 316.006, 316.008(1)(j), 316.131, 316.181(2), and 316.182; AGO's 057-269 and 058-283; Chiapetta v. Jordan, 16 So.2d 641 (Fla. 1943); State v. Hayles,240 So.2d 1 (Fla. 1970). Section 316.006, F. S., vests jurisdiction to control traffic as follows: (1) STATE. — The Department of Transportation shall have all original jurisdiction over all state roads throughout this state . . . . (2) MUNICIPALITIES. — Chartered municipalities shall have original jurisdiction over all streets and highways located within their boundaries, except state roads . . . . (3) COUNTIES. — Counties shall have original jurisdiction over all streets and highways located within their boundaries, except all state roads and those streets and highways specified in subsection (2) . . . . Section316.008(1)(j), F. S., dealing with powers of local authorities, provides that local authorities, within their jurisdiction and reasonable exercise of the police power, will not be prevented from "[a]ltering or establishing speed limits within the provisions of [Ch. 316, F. S.]." See s. 316.182, F. S. Section 316.182, F. S., establishes maximum municipal and county speed limits, allowing a municipality to alter the statutorily prescribed speed limits after an investigation indicating a need for reasonable change and determination that the change is reasonable and in conformity to criteria promulgated by the Department of Transportation, except no changes may be made on state highways or connecting links or extensions thereof. Likewise, the board of county commissioners may, after such an investigation and determination, set speed zones altering the statutorily established county speed limits. Neither the county or a municipality may establish or make any changes in speed limits on state highways, connecting links, or extensions thereof. Sections 316.006 and 316.181(2), F. S. See also AGO 075-205. Traffic control signals and devices are required to be uniform throughout the state, and the Department of Transportation is required to adopt such uniform system and to compile and publish a manual of uniform traffic control devices defining such systems and minimum specifications therefor. Section 316.131, F. S. All official traffic control signals or official control devices purchased and installed by any public body must conform to such manual and specifications; s. 316.131(3). And provisions are made for periodic revisions "to meet state and local needs." Section 316.131(1). The Legislature does specifically call for school board input into traffic control matters by s. 234.082, F. S., which reads: School boards, with the assistance of superintendents, school principals, teachers, bus drivers, parents, pupils, the Department of Transportation, and local agencies and officials responsible for traffic safety, shall, on an annual basis, conduct surveys and reports on those hazards on or near public sidewalks, streets, and highways which endanger the life or threaten the health or safety of pupils who walk or are transported regularly between their homes and the school in which they are enrolled. The reports shall be submitted promptly in writing to the mayor or manager of the city, the board of county commissioners, or the Department of Transportation, according to the location of the hazard reported, and, until such hazards are corrected, the school board shall take or cause to be taken such precautions as are necessary to safeguard pupils. . . . (Emphasis supplied.) Upon receipt of such reports the county commission, the municipal official having proper authority, or the Department of Transportation, as the case may be, shall take such steps as are practicable to correct the hazards so reported or shall report to the school board that it is impracticable to make corrections necessary to overcome the reported hazards. Section 234.082, F. S. School boards, while constitutionally created, are not constitutionally endowed with any part of the police power of the state with respect to the regulation of traffic and cannot take to themselves any such power. School boards are without inherent authority, but derive their powers solely from legislative enactments. Only those powers expressly or by necessary implication granted by statute may be exercised by school boards. White v. Crandon, 156 So.2d 303 (Fla. 1934); Gessner v. Del-Air Corp., 17 So.2d 522 (Fla. 1944); State ex rel. Greenberg v. Fla. State Board of Dentistry, 297 So.2d 628 (1 D.C.A. Fla., 1974), cert. dismissed, 300 So.2d 900; Buck v. McLean, 115 So.2d 764 (1 D.C.A. Fla., 1959); Board of Public Instruction v. State ex rel. Allen, 219 So.2d 430 (Fla. 1969); AGO 075-148. None of the statutes referred to or cited in foregoing parts of this opinion nor any statute of which I am aware vests any authority in the school board or school superintendent to in any manner regulate traffic or to establish school zones or school zone speed limits; therefore school officials are not possessed with any such power. In consideration of the foregoing, it seems clear that the Legislature empowers the Department of Transportation, chartered municipalities, and counties — but not county school officials — to establish school zones and school zone speed limits within their respective jurisdictions. Cf. AGO's 051-396 and 051-397. However, local authorities (counties and municipalities, s.316.003(20), F. S.) may alter school zone speed limits within their jurisdiction upon complying with the statutory requirements set forth in s. 316.182, F. S. In the circumstances prescribed in s. 234.082, F. S., the school board is required to take or cause to be taken whatever precautions may be necessary to safeguard the pupils. Clearly, under the statutes which I have outlined and discussed above, taken with fundamental principles of statutory construction, the powers or duties in question reside with the Department of Transportation or the county or city having jurisdiction.