PER CURIAM.
This is an appeal from a final order awarding attorneys’ fees. We reverse and remand for further proceedings.
Esther Scott filed a verified petition to remove the guardian and personal representative. The trial court granted the petition. Subsequently, Ms. Scott filed a motion for attorneys’ fees alleging that she was entitled to an order awarding attorneys’ fees based on the successful removal of the guardian and personal representative since the removal of the guardian and personal representative benefited the estate. The trial court granted the motion awarding attorneys’ fees.[1]
In the instant case, attorneys’ fees were awarded pursuant to section 733.106(3), Florida Statutes (1989), which provides in part, “[a]ny attorney who has rendered services to an estate may apply for an order awarding attorney fees.” Section 733.-106(3) “has been construed to permit the recovery of attorney’s fees when the estate has benefited by services of counsel.” In re Estate of Simon v. Levin & Fishman, P.A., 549 So.2d 210 (Fla. 3d DCA 1989) (citations omitted), review denied, 560 So.2d 788 (Fla.1990).
In the instant case, the trial court awarded attorneys’ fees without finding that the services rendered by either counsel benefited the estate. Accordingly, this cause is reversed and remanded to the trial court for it to determine whether the services rendered benefited the estate. Further, if the trial court determines that the services rendered by the attorneys benefited the estate, the award is strictly limited to the services rendered in connection with the removal of the guardian and personal representative.
Reversed and remanded with instructions.

. The fees which were awarded were for services rendered by New Jersey counsel, Charles Cohen, and by local counsel, Frederic I. Gott-lieb.