602 So.2d 608 (1992)
In re GUARDIANSHIP OF Mary B. BOCKMULLER
Joann SALMON and Judith A. Bockmuller, Appellants,
v.
HARRIS, BARRETT, MANN & DEW, P.A., Appellee.
No. 91-01891.
District Court of Appeal of Florida, Second District.
June 26, 1992.
W.K. Zewadski of Zewadski & Whitelock, P.A., St. Petersburg, for appellants.
William E. Reischmann and Alton B. Parker of Harris, Barrett, Mann & Dew, St. Petersburg, for appellee.
*609 RYDER, Judge.
We have for review an issue concerning attorney's fees raised by Joann Salmon and Judith A. Bockmuller, as guardians for Mary B. Bockmuller. The trial court awarded appellee attorney's fees for services it allegedly performed on behalf of the ward, Mary B. Bockmuller (Mary). We reverse.
On November 9, 1989, Mary was adjudicated incapacitated and found by the examining committee to be in need of plenary guardianship. On that day, the guardianship was set up appointing Judith A. Bockmuller guardian of the person and Joann Salmon guardian of the property. The guardians were issued letters of limited guardianship, as Mary retained the right to vote and marry. After living at home and being cared for by Judith Bockmuller and her husband Raymond, Mary was placed in an Adult Congregate Living Facility on the advice of Mary's family physician.
While in the retirement home, Mary was visited by one William E. Reischmann, Sr., an attorney with the appellee firm. It is asserted that this visit was arranged by a Mr. Edward "Ted" Horsey, whose interest in or relationship to Mary or the parties in this case is undisclosed by the record before us. During Mr. Reischmann's visit with Mary, she allegedly told him that she wanted to go home and would hire anyone to assist her in that endeavor. Mr. Reischmann promptly filed an appearance as attorney for Mary and brought a proceeding for the removal of Judith Bockmuller as guardian of the person. On behalf of Mr. Horsey as an "interested person," Reischmann petitioned for restoration of capacity or more liberal rights in the guardianship proceedings. The trial court found as a matter of law there was no conflict or adverse interest or any other basis for removal of the guardians.
Mr. Reischmann and Mr. Horsey continued to bring proceedings throughout 1990, attempting to accomplish essentially the same result that the trial court had previously ruled upon, removal of the guardians. On November 15, 1990, the trial court adjudged that Reischmann did represent Mary. However, on November 21, 1990, Mary discharged Reischmann as her attorney by affidavit to that effect. An order authorizing release of attorney was entered but was set aside and rescinded. Thereafter, there was a psychological examination of Mary, but before any further proceedings could be had, Mary died on February 6, 1991.
All of the motions and petitions filed by Mr. Reischmann and others in an attempt to remove the guardians were denied by the trial court. Appellee, through Mr. Reischmann, petitioned the trial court for attorney's fees for services performed on behalf of Mary. The trial court entered an order authorizing payment of attorney's fees and costs to Mr. Reischmann and appellee in the amount of $11,677.00. Appellants' motion for rehearing on the issue of attorney's fees was denied and this timely appeal ensued.
Appellants contend that appellee is not entitled to an award of attorney's fees here because Mr. Reischmann's services did nothing to benefit Mary or her estate, but, in fact, only depleted Mary's estate. Appellee contends that it is entitled to the award of fees because under section 744.3215(1)(l), Florida Statutes (1989), Mary retained the right to counsel and she had contracted with Mr. Reischmann to represent her to get her out of the retirement home.
Section 744.3215(1)(l) does give Mary the right to counsel. However, Mary's right to contract was removed by the order determining her incapacity. Although Mary has a right to counsel, that counsel must be contracted for by one of the guardians or appointed by the court. See §§ 744.3215(3)(a), 744.464(2)(e), Fla. Stat. (1989). Because Mary's right to contract was removed, she had no power to contract with Mr. Reischmann to represent her in any proceedings.
By the time the trial court "approved" Mr. Reischmann as Mary's attorney, the court had already ruled that there was no conflict or adverse interest or other basis for the removal of the guardians. *610 The attorney's fees charged by Mr. Reischmann for time spent for his continued attempts to accomplish a result the trial court had previously ruled against, only served to deplete Mary's estate and served no benefit whatsoever to Mary or her estate. "`[I]f the services tend to break down, subtract from or dissipate the estate [the attorney] cannot be compensated from it.'" In re Estate of Simon, 549 So.2d 210 (Fla. 3d DCA 1989), review denied, 560 So.2d 788 (Fla. 1990), (quoting In re Gleason's Estate, 74 So.2d 360, 362 (Fla. 1954)). See also Feldheim v. Scott, 579 So.2d 291 (Fla. 3d DCA 1991) (guardianship case which involved an award of attorney's fees pursuant to statute concerning attorney's fees in estate cases, section 733.106(3), Florida Statutes (1989)). Accordingly under the facts here and controlling law, we hold that the trial court abused its discretion in awarding appellee attorney's fees.
The case is reversed and the order authorizing payment of attorney's fees and costs to appellee is vacated and set aside.
Reversed and vacated.
SCHOONOVER, C.J., and LEHAN, J., concur.