LEVY, Judge.
Upon completion of her marital dissolution action, Cindy Reyf, the wife, obtained a final judgment against Alan Reyf, the husband, for attorneys’ fees in the amount of $13,194. The wife then sought to obtain a continuing writ of garnishment under Section 61.12(1), Florida Statutes (1991), against the husband’s salary to satisfy the judgment. The trial court refused to issue the continuing writ, and we affirm.
Section 61.12(1) provides for “garnishment to enforce and satisfy the orders and judgments of the courtfs] of this state for alimony, suit money, or child support. ...” [1] However, while subpart (1) of the statute addresses garnishment, only subpart (2) authorizes a continuing writ of garnishment, which is a remedy separate and distinct from a writ of garnishment. Vetrick v. Hollander, 566 So.2d 844 (Fla. 4th DCA 1990). Subpart (2) provides that a continuing writ of garnishment will be available only to collect “alimony or child support or both”, but does not mention suit money or attorneys’ fees.
We must interpret Section 61.12 as a whole, and in such a way as to give meaning to both of its constituent sub-parts. State v. Hayles, 240 So.2d 1 (Fla.1970); Greenhut Constr. Co. v. Henry A. Knott, Inc., 247 So.2d 517 (Fla. 1st DCA 1971). Therefore, we conclude that a con-tinning writ of garnishment is not available under Section 61.12 to satisfy a final judgment for attorneys’ fees ancillary to a dissolution action. Compare Nichols v. Schwarz, 504 So.2d 503 (Fla. 4th DCA 1987) (continuing writ of garnishment authorized by § 61.12(2) only for collection of future periodic payments of alimony or child support).
Affirmed.

. Although Section 61.12(1) was formerly held not to apply to final judgments, Sokolsky v. Kuhn, 405 So.2d 975 (Fla.1981), this case was subsequently overruled by the Legislature when the words "and judgments” were added to the above-quoted language. See Ch. 84-135, § 1, at 425, Laws of Fla.; Cooper v. Cooper, 546 So.2d 107 (Fla. 4th DCA 1989).