988 So.2d 40 (2008)
MIAMI-DADE COUNTY, Appellant,
v.
Adolfo PEREZ, et al., Appellees.
No. 3D07-2890.
District Court of Appeal of Florida, Third District.
July 9, 2008.
*41 R.A. Cuevas, Jr., County Attorney and Jorge Martinez-Esteve, Assistant County Attorney, for appellant.
Damian & Valori and Peter F. Valori, Miami, for appellees.
Before SHEPHERD, CORTIÑAS, and SALTER, JJ.
SALTER, J.
Miami-Dade County appeals a circuit court order denying the County's motion for final summary judgment on its real estate dispute with 33 homeowners in the "Lakes of the Meadow" subdivision. The homeowners brought an action below to establish the superiority of their property rights over the County's rights regarding a 125-foot strip of land between the homeowners' platted lots and a dedicated public road. The County counterclaimed for declaratory relief and to quiet its alleged title to the 125-foot strip.[1] Both sides then moved for summary judgment. The trial court denied the cross motions, and the County commenced this appeal.
Before oral argument, we issued an order requesting the parties to brief the issue of appellate jurisdiction. The denial of a motion for summary judgment is not one of the enumerated categories of non-final orders that may be appealed to this Court. See Florida Rule of Appellate Procedure 9.130(a)(3). Further, such orders do not meet our criteria for review via certiorari. See Baptist Hosp. of Miami, Inc. v. Demario, 682 So.2d 1106 (Fla. 3d DCA 1996); see also Harte v. Palm Beach Biltmore Condo. Ass'n, Inc., 436 So.2d 444 (Fla. 4th DCA 1983).
We disagree with the County's position that the order denying summary judgment is either: (1) an order determining "the right to immediate possession of property" under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(ii); or (2) an order meeting the criteria for review via certiorari. The effect of the order was simply to deny summary disposition of the parties' respective claims to immediate possession-not to determine those claims. The claims remain subject to determination at trial.[2]
In Profile Investments, Inc. v. Delta Prop. Mgmt., Inc., 957 So.2d 70 (Fla. 1st DCA 2007), a non-final trial court order *42 found that a tax deed was invalid and of no legal effect. An appeal from that order was dismissed for lack of jurisdiction because the order did not "directly determine the immediate right to possession of property." Id.
Similarly, in Marina Bay Hotel and Club, Inc. v. McCallum, 733 So.2d 1133 (Fla. 4th DCA 1991), the appellee was a lessee seeking a declaration that it had a valid option to extend a lease. The appellant/lessor moved for summary judgment, the motion was denied, and the lessor sought to appeal that order. The lessor argued that the order was appealable because it determined a right to immediate possession of the leased property. The Fourth District, reciting a duty to narrowly construe rule 9.130(a)(3),[3] dismissed the appeal. Id. at 1134.
Narrow exceptions allowing appeal of a non-final order exist for orders denying a motion for default and for a writ of possession for non-payment of rent in a landlord-tenant case. Because the landlord-tenant statute expressly authorizes a writ of possession if the accrued rent is not paid into the registry of the court, we have held that an order denying the statutory relief does determine the right to possession and is therefore appealable as a non-final order. See Hanover v. Vazquez, 848 So.2d 1188 (Fla. 3d DCA 2003). That exception has no application here.
The County, in urging us to find jurisdiction because the order denying the County's motion "passed upon" the right to immediate possession, cites Fed. Home Loan Mortgage Corp. v. Molko, 584 So.2d 76 (Fla. 3d DCA 1991). In that case, however, the unsuccessful lender/movant sought the appointment of a receiver and the turnover of all rents from a mortgaged property. The denial of the motion had the effect of determining that the mortgagor, not the mortgagee, had the right to possession of the mortgaged properties and the rental income. Id. at 77. No such entitlement to immediate possession occurred when the County's motion for a summary judgment quieting title was denied.
Under the County's theory, an interlocutory order denying a motion to dismiss a complaint seeking immediate possession of property (a replevin, for example) could be appealed because it "passes upon" the right to immediate possession of property. We do not agree that rule 9.130(a)(3)(C)(ii) can or should be stretched beyond its plain meaning.
Finally, the County urges us to treat the appeal as a petition for certiorari because of the alleged urgency of the drainage improvements and the trial court's departure from the essential requirements of law. We decline to do so, because we find the County has not established a departure from the essential requirements of law or the lack of an adequate remedy. See Reeves v. Fleetwood Homes of Fla., Inc., 889 So.2d 812, 822 (Fla.2004). If the improvements need to be undertaken immediately, the County can move to broaden its injunction as appropriate (and the granting or denial of such a motion will then be appealable as a non-final order under Florida Rule of Appellate Procedure 9.130(a)(3)(B)), or seek an expedited trial.
Appeal dismissed for lack of jurisdiction.
NOTES
[1] The County also sought and obtained a temporary injunction allowing it to use the east 85-feet of the 125-foot stripand to remove any fences or other homeowner improvements within that part of the stripto complete the construction of a "slab-covered trench" drainage system. That order is not the subject of this case.
[2] As noted at argument, the parties seem to be in substantial agreement regarding the facts and recorded documents upon which their respective claims are based. All indications from this record are that the trial would be a short one, turning principally on legal issues rather than factual points.
[3] The court cited Travelers Ins. Co. v. Bruns, 443 So.2d 959, 961 (Fla. 1984), among other cases.