990 So.2d 1177 (2008)
Max CORZO, Appellant,
v.
Carmen PINEIRO, Appellee.
No. 3D08-1224.
District Court of Appeal of Florida, Third District.
September 17, 2008.
*1178 Martin A. Feigenbaum, Miami, for appellant.
Anthony Accetta; Rosemary Wilder, for appellee.
Before ROTHENBERG and SALTER, JJ., and SCHWARTZ, Senior Judge.
SALTER, J.
Max Corzo appeals a non-final circuit court order denying his motion to recover possession of certain commercial real estate premises owned (of record) by the appellee, Carmen Pineiro. The circuit court has not yet tried or otherwise ruled upon the convoluted claims of ownership, unwritten lease rights, and corporate trickery asserted by the parties against one another. Finding no jurisdiction, we dismiss the appeal.
Florida Rule of Appellate Procedure 9.130(a)(3)(C)(ii) permits a party to obtain interlocutory review of an order determining the "right to immediate possession of property." In this case, Pineiro had record title and possession, while Corzo had neither a written lease nor a record of prior payments of rent to Pineiro. The trial court's order denying Corzo's motion did not determine his claims of beneficial ownership, nor did it make a determination that Pineiro was entitled to her current possession. Those claims remain pending for later determination.
As the Florida Supreme Court held in Travelers Insurance Co. v. Bruns, 443 So.2d 959, 961 (Fla.1984), Rule 9.130 is to be narrowly applied so as to limit the number of appealable non-final orders. In Miami-Dade County v. Perez, 988 So.2d 40 (Fla. 3d DCA 2008), we recently dismissed an appeal in which the trial court had denied a motion for summary judgment regarding the parties' rights and interests in certain real estate. As here, the trial court had not in that case "determined" either party's rights of possession.
Nor do we find the requisite elements for relief if we were to deem Corzo's case here a petition for certiorari. For the same reasons articulated in Perez, 988 So.2d at 40, we decline to do so.
Appeal dismissed.