ORDER DISMISSING APPEAL

SHEPHERD, J.
The order on appeal, titled “Order Upon the Issue of Ownership of the Irish Times, Inc.,” states:
The Court [fjinds and [ojrders that the ownership of The Irish Times, Inc. is vested in the following person and the percentage as set forth hereinafter:
David J. Higgins 45%
David J. Ryan 45%
Tony Warburton 10%
In response to our sua sponte order to show cause why his appeal should not be dismissed for lack of jurisdiction, the Appellant, David J. Higgins, asserts that the order is an appealable non-final order reviewable pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(ii). We disagree and dismiss the appeal.
*589 Rule 9.130(a)(3)(C)(ii) allows for review of non-final orders that determine “the right to immediate possession of property, including but not limited to orders that grant, modify, dissolve or refuse to grant, modify, or dissolve writs of replevin, garnishment, or attachment[.]” The instant order does not order disbursement of any funds or determine any right to immediate possession of property. It is simply an interlocutory order in which a trial court has given its opinion of the percentage of ownership held by three persons in Irish Times, Inc.
In his response to this court’s order to show cause why the appeal should not be dismissed for lack of jurisdiction, Higgins states, “This ruling is critical as it relates to the amounts to be paid for the purchase of the stock in the company, among other related issues.” The order does no such thing. It does not mention any amount to be paid for the purchase of stock. Cf. Malek v. Bright, 7 So.3d 598 (Fla. 3d DCA 2009) (clarifying that a “sum of money” is property to which Rule 9.130(a)(3)(C)(ii) applies); accord Greene v. Borsky, 961 So.2d 1057 (Fla. 4th DCA 2007); see also Corzo v. Pineiro, 990 So.2d 1177 (Fla. 3d DCA 2008) (dismissing case where trial court did not “determine” party’s right of possession). Here, the parties’ respective claims to immediate possession remain subject to determination. See Miami-Dade Cnty. v. Perez, 988 So.2d 40 (Fla. 3d DCA 2008). The rule cited by Appellant “allows appeal[s] only of orders which more directly determine the immediate right to possession than the type of order entered in this case.” See Marina Bay Hotel & Club, Inc. v. McCallum, 733 So.2d 1133, 1134 (Fla. 4th DCA 1999)
Appeal dismissed.