EMAS, J.
Carlos Marquez (“Marquez”) appeals the trial court’s order vacating a clerk’s certificate of dissolution of a writ of garnishment. We reverse the trial court’s order, because the trial court’s action was in contravention of section 77.041(3), Florida Statutes (2012).
In the original proceeding below, Marquez filed an action against Appellees, BlueCare Home Health Services, Inc. and others (“BlueCare”) to recover monies allegedly owed to Marquez. BlueCare filed an answer and counterclaim. On November 17, 2011, final summary judgment was entered on BlueCare’s counterclaim against Marquez, in the amount of $417,000 plus pre-judgment interest. On February 1, 2012, BlueCare obtained a writ of garnishment against Wells Fargo, and on February 7, 2012, served Marquez with a Notice of Serving Writ of Garnishment.
On February 24, 2012, Marquez served a Claim of Exemption and Request for Hearing, pursuant to section 77.041, Florida Statutes (2012), asserting that the Wells Fargo bank account was exempt from garnishment because: (i) Marquez was the head of his household, and (ii) the bank account was marital property held by Marquez and his wife as tenants by the entire-ties.
On March 5, 2012, Marquez filed a motion to set aside the final summary judgment. At the same time, BlueCare served several notices of deposition in aid of exe *565 cution, and a motion for an order to open and inventory Marquez’s safety deposit box. BlueCare set the motion for hearing to be held March 28, 2012.
On March 28, the trial court deferred ruling on the motion for an order to open and inventory the safety deposit box until the court ruled on Marquez’s motion to set aside the final summary judgment and Marquez’s claims of exemption from garnishment.
On October 9, 2012, the trial court denied Marquez’s motion to vacate final summary judgment, after which, on October 17, 2012, Marquez filed an affidavit of service and a request (pursuant to section 77.041(3)) for the clerk of court to dissolve the writ of garnishment.[1] The clerk’s certificate dissolving the writ of garnishment was issued the same day.
On October 22, 2012, BlueCare filed a verified emergency motion for rehearing on the clerk’s dissolution of the writ of garnishment and filed an objection to Marquez’s February 24, 2012 claim of exemption. The court heard the motion on a non-evidentiary motion calendar on November 26, 2012, granted BlueCare’s motion, and vacated the clerk’s certificate of dissolution. This appeal follows.
We review de novo orders construing statutes such as those controlling garnishment and claims of exemption. Cadle Co. v. Pegasus Ranch, Inc., 920 So.2d 1276 (Fla. 4th DCA 2006).
We begin by acknowledging that garnishment statutes must be strictly construed, Williams v. Espirito Santo Bank of Fla., 656 So.2d 212, 213 (Fla. 3d DCA 1995), and statutory provisions regarding exemptions from garnishment must be strictly construed in favor of the debtor. Cadle Co. v. G & G Assocs., 757 So.2d 1278 (Fla. 4th DCA 2000). With regard to a claim of exemption, the relevant section of the garnishment statute provides:
Upon the filing by a defendant of a claim of exemption and request for hearing, a hearing -will be held as soon as is practicable to determine the validity of the claimed exemptions. If the plaintiff does not file a sworn written statement that contests the defendant’s claim of exemption within 3 business days after hand delivering the claim and request or, alternatively, 8 business days, if the claim and request were served by mail, no hearing is required and the clerk must automatically dissolve the writ and notify the parties of the dissolution by mail.
§ 77.041(3), Fla. Stat. (2012) (emphasis added).
Here, Marquez hand-delivered his claim of exemption to BlueCare on February 24, 2012. Accordingly, BlueCare had only three business days-until February 29, 2012 — to object to or contest Marquez’s claim of exemption. BlueCare did not file its sworn objection to Marquez’s claim until October 22, 2012, nearly eight months later. Under the plain language of the statute, no hearing was required and the clerk was required to “automatically dissolve the writ and notify the parties of the dissolution by mail.”
BlueCare argues that the proceedings, and its obligation to file an objection to the exemption, were stayed by the trial court’s March 28, 2012 order deferring BlueCare’s motion to require opening and inventory of the safe deposit box. This argument fails for several reasons:
*566 —The March 28 order merely deferred ruling on BlueCare’s motion for an order to open and inventory the safety deposit box until the court had ruled on Marquez’s motion to set aside the final summary judgment and his claims of exemption from garnishment. The order did not stay the proceedings, and did not stay BlueCare’s statutory obligation to object timely to Marquez’s claims of exemption.
—BlueCare did not request or receive an extension of time to comply with the mandatory provisions of section 77.041(3), and BlueCare cites no legal authority to support its assertion that a stay of proceedings would extend its obligation to object within three days, as mandated by the plain language of the garnishment statute.
—More to the point, it is irrelevant how we characterize the action of the trial court at the March 28 hearing because, by that date, BlueCare’s objection was already thirty days overdue. As of February 29, Marquez was automatically entitled to a clerk’s certifícate dissolving the writ under section 77.041(3).
—Even if the March 28 order could be construed as having granted a stay, it was no longer in effect as of October 9, 2012, when the court denied Marquez’s motion to vacate the final summary judgment. BlueCare did not file its sworn objection within three business days of that date. It did not file its objection until October 22, 2012 — nine business days after the order was entered, by which time the clerk had already issued a certificate dissolving the writ.
We find BlueCare’s other arguments to be without merit, and accordingly, we reverse the trial court’s order vacating the clerk’s certificate dissolving the writ of garnishment and remand for proceedings consistent with this opinion.
REVERSED AND REMANDED.

. As of this date, BlueCare had still not filed any objection to Marquez's February 24, 2012 claim of exemption.