DAMOORGIAN, J.
Glenda Martinez Smith appeals a final judgment annulling her marriage to J. Alan Smith (the “Ward”). We affirm.
The annulment challenge is an offshoot from a guardianship case in which the Ward was judicially declared incompetent. Within the order appointing the plenary guardian, the court removed the Ward’s right to contract and, concomitantly, provided that the Ward’s right to marry was “subject to court approval.” Despite the *912 court’s restriction on the Ward’s right to marry, Appellant and the Ward married without court approval. The Ward’s independent counsel appointed in the guardianship case instituted a proceeding to annul the marriage. Ultimately, the court granted the requested relief and annulled the marriage. This appeal follows.
Appellant argues, among other things, that the final judgment annulling her marriage with the Ward must be vacated because prior court approval was not required by the court’s order or the controlling statute.
Section 744.3215 of the Florida Statutes outlines the rights which a person determined incapacitated retains and those which may be removed. § 744.3215, Fla. Stat. (2013). With respect to marriage, subsection (2)(a) provides:
(2) Rights that may be removed from a person by an order determining incapacity but not delegated to a guardian include the right:
(a) To marry. If the right to enter into a contract has been removed,- the right to marry is subject to court approval.
§ 744.3215(2)(a), Fla. Stat. (2013). The order appointing the plenary guardian mirrored section 744.3215(2)(a).
In construing section 744.3215(2)(a)’s limitations on a ward’s right to marry, we must give the statute’s language its plain and ordinary meaning and may not ignore words or, alternatively, add words not included by the Legislature.. See, e.g,, Exposito v. State, 891 So.2d 525, 528 (Fla.2004) (when construing a statute, the court may not add words not placed there by the Legislature); State v. Goode, 830 So.2d 817, 824 (Fla.2002) (“[A] basic rule of statutory construction provides that the Legislature does not intend to enact useless provisions, and courts should avoid readings that would render part of a statute meaningless.”). The statute does not state that “a marriage” is subject to court approval, but rather, it states that “the right to marry” is subject to court approval. Therefore, if a person deemed incapacitated has had his or her right to contract removed, he or she has no right to marry unless the court gives its approval.
A marriage entered into by a person with no right to marry is void. See Kuehmsted v. Turnwall, 103 Fla. 1180, 138 So. 775, 777-78 (1932) (marriage entered into by person lacking mental capacity to consent is void); Dandy v. Dandy, 234 So.2d 728, 730 (Fla. 1st DCA 1970) (marriage between parties was void because one of the parties was still legally married to another and thus lacked the right to marry again). Thus, it follows that in order to enter into a valid marriage, an incapacitated person who has had his or her right to contract removed must, first ask the court to approve his or her right to marry.
Based on the foregoing, the court’s interpretation of section 744.3215(2)(a) was correct: at the time the Ward -and Appellant married, the Ward had no right to marry as he had not obtained court approval. Therefore, the trial court correctly determined that the marriage was void.[1]

Affirmed.

MAY, J., concurs specially with opinion.

. As the marriage was void from the inception, Appellant’s, argument that the court "ratified” the marriage by acknowledging it at the December 18, 2012 hearing is without merit. A void marriage, in legal contemplation, has never existed and, therefore, cannot be ratified. See, e.g., Arnelle v. Fisher, 647 So.2d 1047 (Fla. 5th DCA 1994) (discussing distinction between a void and voidable marriage). At any rate, this Court reversed the court’s *913 order stemming from the December 18, 2012 hearing and remanded for a new hearing. By virtue of our mandate, nothing the court did on December 18, 2012 has any binding legal effect.