# Third District Court of Appeal

## State of Florida

Opinion filed June 8, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D16-861 & 3D16-848
Lower Tribunal No. 16-3452
_____

**Maria Mercedes Flores a/k/a Maria Mercedes Lopez,**
Petitioner/Appellant,

vs.

**Jorge Lopez and Alina Lopez, etc.,**
Respondents/Appellees.

No. 3D16-861: On Petition for Writ of Certiorari to the Circuit Court for Miami-Dade County, David C. Miller, Judge.

No. 3D16-848: An Appeal from a non-final order from the Circuit Court for Miami-Dade County, David C. Miller, Judge.

Billbrough & Marks, P.A., and Geoffrey B. Marks and G. Bart Billbrough, for petitioner/appellant.

Gordon & Rees Scully Mansukhani, and David M. Gersten, Joseph A. Sacher, and Christopher A. Noel, for respondents/appellees.

Before WELLS, EMAS, and LOGUE, JJ.

LOGUE, J.

Jose Ignacio Lopez, Sr., an incapacitated person, through his adult children and co-guardians, filed the underlying lawsuit for the annulment of his marriage to Maria Mercedes Flores. In the trial court, Flores filed a motion to dismiss the annulment action and also moved for a protective order, which the trial court denied. Flores filed a petition for certiorari review of those orders. Also in the trial court, Lopez moved to compel execution and delivery of a quit claim deed, as required by a provision in a prenuptial agreement between Lopez and Flores, which the trial court granted. Flores filed an interlocutory appeal of that order.

We begin by addressing Flores' petition. "To prevail in its petition for a writ of certiorari, a party must demonstrate that the contested order constitutes (1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the case, (3) that cannot be corrected on post-judgment appeal." Damsky v. Univ. of Miami, 152 So. 3d 789, 792 (Fla. 3d DCA 2014); see also Jaye v. Royal Saxon, Inc., 720 So. 2d 214, 215 (Fla. 1998) ("[I]t is settled law that, as a condition precedent to invoking a district court's certiorari jurisdiction, the petitioning party must establish that it has suffered an irreparable harm that cannot be remedied on direct appeal."). We find no material injury which cannot be corrected on post-judgment appeal. Accordingly, we dismiss the writ.[1]

_____

[1] Even if Flores had established a material injury which cannot be corrected on

Regarding the interlocutory appeal, we accept Lopez's interpretation of the trial court order as including the statements of the trial judge that the execution and delivery of the deed gives Lopez no right to exclusive use or possession of the home, subject to further order of the court. The appeal, therefore, should be dismissed because "the parties' respective claims to immediate possession remain subject to determination." <u>Higgins v. Ryan</u>, 81 So. 3d 588, 589 (Fla. 3d DCA 2012).

Petition dismissed; appeal dismissed.

---

direct appeal, the trial court's action in deciding the case in conformity with the majority decision in <u>Smith v. Smith</u>, 41 Fla. L. Weekly D542 (Fla. 4th DCA Mar. 2, 2016), rather than the dissent in that case, does not constitute a departure from the essential requirements of law.