POLSTON, J.,
dissenting.
Under the plain and reasonable meaning of section 744.3215(2)(a), Florida Statutes, an incapacitated person, who has had the right to contract removed, must obtain court approval prior to exercising the right to marry, without which the marriage is void.
Specifically, section 744.3215(2)(a) provides the following:
(2) Rights that may be removed from a person by an order determining incapacity but not delegated to a guardian include the right:
(a) To marry. If the right to enter into a contract has been removed, the right to marry is subject to court approval.
(Emphasis added.) Consistent with section 744.3215(2)(a), the trial court issued the following order when removing Smith’s rights to contract and manage property:
The following rights of the Ward are delegated to the Guardian appointed by this Order:
[X] to contract,
[X] to manage property of the Ward Note: if the right of the Ward to contract has been delegated to the Guardian but the right to marry is retained, then the right to marry is subject to Court approval.
(Emphasis added.)
Pursuant to the plain meaning of “the right to marry is subject to court approval,” the ward’s ability to exercise his right to marry and enter into a marriage contract is contingent upon court approval. As the Fourth District noted, the statute’s text subjects “the right to marry” to court approval, not the marriage itself, reasonably meaning that court approval must be obtained before the right to enter into the contract of marriage is exercised. See Smith v. Smith, 199 So.3d 911, 912 (Fla. 4th DCA 2016) (explaining that the statute “does not state that ‘a marriage’ is subject to court approval, but rather, it states that ‘the right to marry’ is subject to court approval. Therefore, if a person deemed incapacitated has had his or her right to contract removed, he or she has no right to marry unless the court gives its approval.”). Stated otherwise, although the incapacitated person retains the right to marry under the statute when the right to contract has been removed, the ability to validly and effectively exercise that right is dependent upon court approval. If court approval has not been obtained, the incapacitated person may not validly exercise the right, and any attempt to do so results in a void marriage. Cf. Jasser v. Saadeh, 97 So.3d 241, 249 (Fla. 4th DCA 2012) (“[A]t the time of the execution of the trust, the right to contract had been removed from Saadeh. ... Thus, because Saadeh had no legal right to execute the trust, the trust was invalid and void.”); In re Guardianship of Bockmuller, 602 So.2d 608, 609 (Fla. 2d DCA 1992) (denying attorneys’ fees and holding that, because the ward’s right to contract had been removed, the ward “had no power to contract with [counsel] to represent her” even though section 744.3215, Florida Statutes, gives incapacitated persons the right to counsel).
The majority avoids this plain meaning of the statute (as well as the categories of void and voidable marriages) by strictly construing the term “subject” to mean less than it fairly means in this context but leniently construing the term “the right to *754 marry” to gloss over the difference • in meaning with the term “marriage.” See majority op. at 747 (“In the context of section 744.3215(2)(a), ‘the right to marry is subject to court approval’ means that the ward’s right to marry is contingent on court approval, though that approval may come later in time, such, as after the marriage ceremony. Although the validity of the marriage itself depends on court approval, nowhere in the statute does it provide that court approval must be obtained prior to marrying.”). The majority recites multiple dictionary definitions of “subject,” but complains that “the word ‘subject’ is not defined as a condition precedent,” Id. at 748. The majority also faults the Legislature for failing to employ the terms “void,” “voidable,”, “first,” “prior,” “after,” “prohibited,” or “may not.” Id. at 747-48. Of course, the Legislature also failed to employ the terms “ratification” or “invalid, but ratifiable,” which is what the majority says section 744.3215(2)(a) provides for. Id. at 750.
Importantly, however, construing the plain meaning of a statute is not a magic words test. Instead, “[wjords of common usage, when used in a statute, should be construed in the plain and ordinary sense, because it must be assumed that the Legislature knows the plain and ordinary meaning of words used in statutes and that it intended the plain and obvious meaning of the words used.” Dadeland Depot, Inc. v. St. Paul Fire & Marine Ins. Co., 945 So.2d 1216, 1225 (Fla. 2006). As Justice Scalia explained, “[a] text should not be construed strictly, and it should not be construed leniently; it should be construed reasonably, to contain all that it fairly means.” Antonin Scalia, A Matter of Interpretation: Federal Courts and the Law, 23 (Amy Gutmann ed., 1997).
In this case, the text “the right to marry is subject to court approval” fairly and reasonably means that the ward must obtain court approval before exercising the right to marry. The fact that dictionary definitions of the term “subject” do not include a specification of being a condition precedent does not change the common understanding that the approval inust take place beforehand. For example, if I tell a friend that they have “the right to borrow my car subject to my approval,” I am telling that friend that' he or she may borrow my car but that he or she must ask for and obtain my permission before doing so. If, instead, my friend simply drives off with my car before obtaining my approval, my friend has committed a crime and stolen my vehicle. It would be commonly understood and plainly obvious that the term “subject to my approval” means that the approval to borrow my car must be obtained beforehand. The same is true with the text at issue in section 744.32Í5(2)(a). And construing the statute to mean all that it fairly and plainly contains is not “extending], modify[ing], or limiting] its express terms or its reasonable and obvious implications.” Majority op. at 748 (quoting McLaughlin v. State, 721 So.2d 1170, 1172 (Fla. 1998) (quoting Holly v. Auld, 450 So.2d 217, 219 (Fla. 1984))).
. To summarize, the plain meaning of section 744.3215(2)(a) requires an incapacitated person, who has had the right to contract removed, to obtain court approval before exercising the right to marry. Without such statutorily required court approval beforehand, the marriage is void. Accordingly, I would approve the Fourth District’s decision, and I respectfully dissent.
LEWIS and CANADY, JJ., .concur.