# Third District Court of Appeal

## State of Florida

Opinion filed November 22, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-1906
Lower Tribunal No. 99-15258
_____

**Alvaro Martinez, Jr., M.D.,**
Appellant,

vs.

**Golisting.com, Inc., d/b/a**
**Palm Beach Premier Real Estate, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Pedro P. Echarte, Jr., Judge.

Barry S. Franklin & Associates, P.A., and Barry S. Franklin, for appellant.

Padula Bennardo Levine, LLP, and Stephen J. Padula (Boca Raton), and Joshua S. Widlansky (Boca Raton), for appellee Golisting.com, Inc.

Before ROTHENBERG, C.J., and SALTER and LINDSEY, JJ.

LINDSEY, J.

A former husband appeals an order finding a continuing writ of garnishment

filed to collect on a final judgment against his former wife for attorney's fees incurred in post-dissolution litigation void *ab initio*. We agree with the trial court's finding and, for the reasons set forth below, affirm.

The marriage between Alvaro Martinez, Jr. ("former husband") and Gia Martinez ("former wife") was dissolved in 2000. For almost a decade thereafter, the parties continued to remain embroiled in contentious litigation over issues including child custody and time sharing arrangements, parental responsibility and decision-making authority, health care, and school registration. In May of 2010, the trial court, having found the former husband entitled to attorney's fees incurred in litigating these issues, entered a final money judgment in the amount of $37,081.00 plus statutory post-judgment interest accruing from April 21, 2010, the date of the court's order awarding post-judgment attorney's fees.

Three years later, in furtherance of the former husband's efforts to collect on this final judgment, a continuing writ of garnishment against salary or wages ("continuing writ") was entered against the former wife's employer, Golisting.com, Inc. ("Garnishee"). The Garnishee filed an answer stating it employs the former wife at an annual salary of $30,000.00 and acknowledging that, in an abundance of caution, $453.86 of her wages per month are subject to garnishment. The former husband then filed a reply denying that the former wife was a mere salaried employee and stating that her pay structure was changed solely

to minimize his collection efforts. Thereafter, the Garnishee filed an amended answer, noting an additional withholding.[1] The former husband filed a reply to the amended answer, asserting that commissions and any other pecuniary benefits received by the former wife constituted wages subject to the continuing writ. The Garnishee kept the withholdings in a trust account. Three years after the continuing writ was issued, the Garnishee filed a motion entitled, Motion to Dismiss and/or Dissolve the Continuing Writ of Garnishment or, in the Alternative, Notice of Dissolution of the Continuing Writ of Garnishment ("motion to dismiss and/or dissolve"): (1) seeking dissolution of the continuing writ; (2) awarding the Garnishee entitlement to its reasonable attorney's fees and costs from the garnished funds; (3) allowing the Garnishee to return all remaining garnished funds (after fees and costs) to the former wife; and (4) setting a limited hearing on the amount of the Garnishee's attorney's fees and costs.

The former husband then filed a motion for summary judgment on the Garnishee's amended answer asserting that the former husband is entitled to a continuing writ of garnishment until the amount in question is paid in full because the fees are in the nature of support and subject to the court's full contempt power and seeking attorney's fees pursuant to section 57.115, Florida Statutes (2016). The Garnishee filed a response in opposition, claiming that the judgment which

_____

[1] The former wife received raises, which increased the monthly withholding by the Garnishee.

forms the basis of garnishment is not in the "nature of support," and thus a continuing writ of garnishment is not available to the former husband.

The former husband also filed a response in opposition to the Garnishee's motion to dismiss and/or dissolve, contending that the Garnishee's argument that the attorney's fees debt is not in the nature of support is a red herring, but claiming that even so, the continuing writ was proper because the nature of the attorney's fees debt is indisputably for purely child related fees. The former husband further contended that the Garnishee's argument for attorney's fees and costs fails because the Garnishee is not a purely "innocent stakeholder," and is, in effect, the "alter ego" of the former wife. Lastly, the former husband asserted that the Garnishee incurred unauthorized fees and failed to follow the court's order (the continuing writ) and remit any funds garnished from the former wife to the former husband.

After a final evidentiary hearing, the trial court entered an order granting the Garnishee's motion to dismiss and/or dissolve, denying the former husband's motion for summary judgment and finding that the continuing writ was void *ab initio*. This appeal follows.[2]

---

[2] Upon the filing of this appeal, this Court, *sua sponte*, issued an order to show cause as to why this appeal should not be dismissed on the basis that the order on appeal is not final. In response, the former husband cited to the current version of Rule 9.130(a)(3)(C)(ii) which allows for review of non-final orders that determine "the right to immediate possession of property, including but not limited to orders that grant, modify, dissolve or refuse to grant, modify, or dissolve writs of replevin, garnishment, or attachment[.]" Fla. R. App. P. 9.130(a)(3)(C)(ii). In 2008, Subdivision 9.130(a)(3)(C)(ii) was amended to address a conflict in the case

4

We review *de novo* orders construing statutes such as those controlling garnishment. Marquez v. Bluecare Home Health Svcs., 116 So. 3d 563, 565 (Fla. 3d DCA 2013); Arnold, Matheny & Eagan, P.A. v. First Am. Holdings, Inc., 982 So. 2d 628, 632 (Fla. 2008) (emphasis added) ("Because the issue requires this Court to interpret the statutory provisions of Florida garnishment law, we apply a *de novo* standard of review."). The standard of review of a summary judgment order is *de novo* and requires viewing the evidence in the light most favorable to the non-moving party. Sierra v. Shevin, 767 So. 2d 524, 525 (Fla. 3d DCA 2000).

Garnishment proceedings are governed by statute and must be strictly construed. Marquez, 116 So. 3d at 565 (citing Williams v. Espirito Santo Bank of Fla., 656 So. 2d 212, 213 (Fla. 3d DCA 1995)). "The cardinal rule of statutory construction is 'that a statute should be construed so as to ascertain and give effect

law concerning whether orders granting, modifying, dissolving, or refusing to grant, modify, or dissolve garnishments are appealable under this subdivision. See Committee Notes to In re Amendments to the Fla. Rules of Appellate Procedure, 2 So. 3d 89, 93 (Fla. 2008) (noting conflicting authorities in Ramseyer v. Williamson, 639 So. 2d 205 (Fla. 5th DCA 1994) (garnishment order not appealable) and 5361 N. Dixie Highway v. Capital Bank, 658 So. 2d 1037 (Fla. 4th DCA 1995) (permitting appeal from garnishment order and acknowledging conflict)); Fla. R. App. P. 9.130(a)(3)(C)(ii), committee notes (2008 amend.) (same). Accordingly, the rule to show cause is dismissed. See Higgins v. Ryan, 81 So. 3d 588, 589 (Fla. 3d DCA 2012) (alteration in original) (dismissing appeal of a non-final order determining the respective percentages of ownership of three individuals in a corporate entity, but noting that Rule 9.130(a)(3)(C)(ii) allows for review of non-final orders that determine "the right to immediate possession of property, including but not limited to orders that grant, modify, dissolve or refuse to grant, modify, or dissolve writs of replevin, garnishment, or attachment[.]").

to the intention of the Legislature as expressed in the statute.'" <u>Reeves v. State</u>, 957 So. 2d 625, 629 (Fla. 2007) (citing <u>City of Tampa v. Thatcher Glass Corp.</u>, 445 So. 2d 578, 579 (Fla. 1984)). Furthermore, "courts must construe statutes to give each word effect, without limiting the statute's words **or adding words not placed there by the legislature**." <u>Miami Stage Lighting v. Budget Rent-A-Car Sys.</u>, 712 So. 2d 1135, 1137 (Fla. 3d DCA 1998) (emphasis added) (citing, among others, <u>Reyf v. Reyf</u>, 620 So. 2d 218 (Fla. 3d DCA 1993)). Florida courts are without power to construe an unambiguous statute in a way that would extend, modify, or limit its express terms or its reasonable and obvious implications because to do so would be an abrogation of legislative power. <u>Holly v. Auld</u>, 450 So. 2d 217, 219 (Fla. 1984); <u>Akerman Senterfitt & Eidson, P.A. v. Value Seafood, Inc.</u>, 121 So. 3d 83, 87 (Fla. 3d DCA 2013) (refusing to extend the express terms of the version of section 77.07(5) in effect in 2012 because to do so would be to read language into the statute that is simply not there).

This case originally began as a proceeding for dissolution of marriage. This appeal originates from a final judgment awarding attorney's fees to the former husband which he incurred litigating post-dissolution issues related to custody, time sharing and parental responsibility. Before the court is whether a continuing writ of garnishment is available as a remedy to the former husband to collect on his final judgment for attorney's fees. Chapter 61 of the Florida Statutes, entitled,

"Dissolution of Marriage; Support; Time-sharing," provides the statutory framework for resolution of this issue.

Section 61.12, Florida Statutes (2017) is titled, "Attachment or garnishment of amounts due for alimony or child support." Section 61.12(1) provides for "garnishment to enforce and satisfy the orders and judgments of the courts of this state for alimony, suit money, or child support . . . ." However, while subpart (1) of the statute addresses garnishment, only subpart (2) authorizes a *continuing* writ of garnishment, "which is a remedy separate and distinct from a writ of garnishment." Reyf, 620 So. 2d at 219 (citing Vetrick v. Hollander, 566 So. 2d 844 (Fla. 4th DCA 1990)). Section 61.12(2) provides as follows:

> The provisions of chapter 77 or any other provision of law to the contrary notwithstanding, the court may issue a *continuing* writ of garnishment to an employer to enforce the order of the court for periodic payment of *alimony or child support or both*. The writ may provide that the salary of any person having a duty of support pursuant to such order be garnisheed on a periodic and continuing basis for so long as the court may determine or until otherwise ordered by the court or a court of competent jurisdiction in a further proceeding. Any disciplinary action against the employee by an employer to whom a writ is issued pursuant to this section solely because such writ is in effect constitutes a contempt of court, and the court may enter such order as it deems just and proper.

§ 61.12(2), Fla. Stat. (2017) (emphasis added).[3] Thus, while subpart (2) states that

---

[3] In 1977, the existing section 61.12 was designated as subpart (1) and subpart (2) was added. Ch. 77-26, § 1, at 40, Laws of Fla. The preamble of that enactment,

a continuing writ of garnishment is available to collect alimony or child support or both, there is no reference to suit money or attorney's fees in subpart (2). See Reyf, 620 So. 2d at 219.

In Reyf, after a final judgment was entered against the former husband for attorneys' fees, the former wife sought to obtain a continuing writ of garnishment under section 61.12(1), Florida Statutes (1991),[4] against the former husband's salary to satisfy the judgment. 620 So. 2d at 219. In affirming the trial court's refusal to issue the continuing writ, this Court stated: "We must interpret Section 61.12 as a whole, and in such a way as to give meaning to both of its constituent subparts." Id. (citing State v. Hayles, 240 So. 2d 1 (Fla. 1970); Greenhut Constr. Co. v. Henry A. Knott, Inc., 247 So. 2d 517 (Fla. 1st DCA 1971)). As such, this Court "conclude[d] that a *continuing* writ of garnishment is not available under Section 61.12 to satisfy a final judgment for attorneys' fees ancillary to a dissolution action." Id. (emphasis in original). Subsequently, in Sachs v. Sachs, this Court reversed a trial court's non-final order entered after final judgment granting a continuing writ of garnishment against one former spouse's wages

---

describing it as "[a]n act relating to child support; amending s. 61.12, Florida Statutes, to provide that a court may issue a *continuing* writ of garnishment to enforce the periodic payment of child support; providing an effective date," expressly states the purpose of the amendment. Ch. 77-26, § 1, at 40, Laws of Fla. (emphasis added). In 1978, the Legislature added "alimony" to subpart (2). Ch. 78-63, § 1, at 86, Laws of Fla.

[4] The current version of section 61.12 has not changed since 1991.

8

solely for the collection of the other former spouse's attorney's fees. 623 So. 2d 640 (Fla. 3d DCA 1993) (per curiam) (reversing the order on authority of <u>Reyf</u>).

In conclusion, section 61.12 limits the remedy of a continuing writ of garnishment to alimony or child support in proceedings under Chapter 61. Whether attorney's fees were incurred litigating child related issues is irrelevant to the analysis because attorney's fees are neither alimony nor child support. Here, the former husband sought a continuing writ of garnishment to satisfy a final judgment for attorney's fees incurred in post-dissolution litigation. In order to prevail, he would have to persuade this Court to recede from, and overturn, our decision in <u>Reyf</u> and extend the express language of section 61.12(2) to section 61.12(1). We decline to do so.

Affirmed.